LARSON ZIRZOW & KAPLAN, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzklegal.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzklegal.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel:  (702) 382-1170
Fax:  (702) 382-1169

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re: | Case No.: BK-S-17-14398-btb |
|---|---|
| | Chapter 11 |
| GOODWILL INDUSTRIES OF SOUTHERN NEVADA, INC., | |
| | Confirmation Hearing: |
| Debtor. | Date:  April 3, 2019 |
| | Time:  2:00 p.m. |

## *[PROPOSED]* DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

**Page**

1. DEFINITIONS, RULES OF INTERPRETATION, AND COMPUTATION OF TIME ........... 1

    1.1. Definitions........................................................................................................... 1

        1.1.1.     Administrative Claim. ............................................................... 1

        1.1.2.     Administrative Claim Bar Date. ............................................... 1

        1.1.3.     Allowed. .................................................................................. 1

        1.1.4.     Amended and Restated Bondholder Documents. ...................... 2

        1.1.5.     Assets. ..................................................................................... 2

        1.1.6.     Avoidance Actions. .................................................................. 2

        1.1.7.     Bankruptcy Code. .................................................................... 2

        1.1.8.     Bankruptcy Court. .................................................................... 2

        1.1.9.     Bankruptcy Rules. .................................................................... 2

        1.1.10.   Bar Date. ................................................................................. 2

        1.1.11.   Bondholder Claims. ................................................................. 3

        1.1.12.   Bondholder Documents. ........................................................... 3

        1.1.13    Bondholder Loan Agreement. .................................................. 3

        1.1.14.   Bondholder Series A-1 Claims. ................................................ 3

        1.1.15.   Bondholder Series A-2 Claims. ................................................ 3

        1.1.16.   Bondholder Series B Claims. ................................................... 3

        1.1.17.   Business Day. .......................................................................... 3

        1.1.18.   Cash. ....................................................................................... 3

        1.1.19.   Cash Collateral Orders. ........................................................... 3

        1.1.20.   Causes of Action. .................................................................... 4

        1.1.21.   Chapter 11 Case. ..................................................................... 4

        1.1.22.   Claim. ...................................................................................... 4

        1.1.23.   Claim Objection Deadline. ...................................................... 4

        1.1.24.   Claims Register. ...................................................................... 4

        1.1.25.   Class. ....................................................................................... 4

        1.1.26.   Confirmation. .......................................................................... 4

        1.1.27.   Confirmation Date. .................................................................. 4

        1.1.28.   Confirmation Hearing. ............................................................. 4

        1.1.29.   Confirmation Order. ................................................................. 4

        1.1.30.   Creditor. .................................................................................. 4

        1.1.31.   D&O Liability Insurance Policies. ........................................... 4

        1.1.32.   Debtor. .................................................................................... 5

        1.1.33.   Derivative Standing Order. ...................................................... 5

        1.1.34.   Disallowed Claim. ................................................................... 5

        1.1.35.   Disclosure Statement. .............................................................. 5

        1.1.36.   Disputed. ................................................................................. 5

        1.1.37.   Distribution. ............................................................................ 5

        1.1.38.   Distribution Record Date. ........................................................ 5

        1.1.39.   Donor-Restricted Property. ...................................................... 5

        1.1.40.   Effective Date. ......................................................................... 5

        1.1.41.   Estate. ...................................................................................... 5

        1.1.42.   Exculpated Parties. .................................................................. 6

        1.1.43.   Executory Contract. ................................................................. 6

        1.1.44.   Federal Judgment Rate. ........................................................... 6

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

i

1.1.45.   File. ................................................................................................ 6
1.1.46.   Final Decree. ................................................................................... 6
1.1.47.   Final Order. ...................................................................................... 6
1.1.48.   General Unsecured Claim. ............................................................. 6
1.1.49.   Holder. .............................................................................................. 6
1.1.50.   Impaired. ........................................................................................... 6
1.1.51.   Indenture. .......................................................................................... 7
1.1.52.   Indenture Trustee. ........................................................................... 7
1.1.53.   Insider. .............................................................................................. 7
1.1.54.   Lien. .................................................................................................. 7
1.1.55.   Litigation Claims. ............................................................................ 7
1.1.56.   Net Proceeds. ................................................................................... 7
1.1.57.   Other Secured Claims. ..................................................................... 7
1.1.58.   Permitted Encumbrances. ................................................................ 7
1.1.59.   Person. .............................................................................................. 7
1.1.60.   Petition Date. .................................................................................... 7
1.1.61.   PFA. .................................................................................................. 8
1.1.62.   Plan. .................................................................................................. 8
1.1.63.   Plan Supplement. ............................................................................. 8
1.1.64.   Priority Non-Tax Claim. ................................................................. 8
1.1.65.   Priority Tax Claims. ........................................................................ 8
1.1.66.   Professional. ..................................................................................... 8
1.1.67.   Professional Fees. ............................................................................ 8
1.1.68.   Professional Fee Claim ................................................................... 8
1.1.69.   Proof of Claim. ................................................................................ 9
1.1.70.   Pro Rata. ........................................................................................... 9
1.1.71.   Record Date. ..................................................................................... 9
1.1.72.   Reorganized Debtor. ........................................................................ 9
1.1.73.   Reissued Series 2015A-1 Bond. ..................................................... 9
1.1.74.   Reissued Series 2015A-2 Bond. ..................................................... 9
1.1.75.   Reissued Series 2015B Bond. ......................................................... 9
1.1.76.   Reorganized Debtor. ........................................................................ 9
1.1.77.   Schedules. ........................................................................................ 9
1.1.78.   Secured. ............................................................................................ 9
1.1.79.   Series 2015A-1 Bonds. .................................................................. 10
1.1.80.   Series 2015A-2 Bonds. .................................................................. 10
1.1.81.   Series 2015B Bonds. ...................................................................... 10
1.1.82.   Unexpired Lease. ........................................................................... 10
1.1.83.   Unimpaired. .................................................................................... 10
1.1.84.   Unsecured Claim. ........................................................................... 10
1.1.85.   Unsecured Creditor Distribution. ................................................. 10
1.1.86.   U.S. Trustee Fees. .......................................................................... 10
1.2. Computation of Time. .................................................................................. 10
1.3. Rules of Interpretation. ............................................................................... 10
1.4. Exhibits, Schedules and Plan Supplement. ............................................... 11

2. TREATMENT OF UNCLASSIFIED CLAIMS ...................................................... 11

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

2.1. General. ..................................................................................................... 11
2.2. Treatment of Administrative Claims. ........................................................ 11
    2.2.1. Generally. ........................................................................................11
    2.2.2. Requests for Payment. .....................................................................11
    2.2.3. Priority Tax Claims. .........................................................................12

3. DESIGNATION OF CLASSES OF CLAIMS. ..................................................12
3.1. Overview. .................................................................................................. 12
3.2. Summary of Classification. ....................................................................... 12
3.3. Class 1(a): Series A-1 Bond Claims. ........................................................ 12
3.4. Class 1(b): Series A-2 Bond Claims. ........................................................ 13
3.5. Class 1(c): Series B Bond Claims. ............................................................ 14
3.6. Class 2: Other Secured Claims. ................................................................ 14
3.7. Class 3: Priority Non-Tax Claims. ............................................................ 15
3.8. Class 4: General Unsecured Claims. ......................................................... 15

4. MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN. ...................16
4.1. Funding of the Plan. .................................................................................. 16
4.2. Vesting of Assets in Reorganized Debtor. ................................................ 16
4.3. Prohibition on Use of Donor-Restricted Property to Pay Creditors. ......... 17
4.4. Powers and Duties of the Reorganized Debtor in the Litigation Claims. ... 17
4.5. Reorganized Debtor. ................................................................................. 17
4.6. Partial Vacatur of the Cash Collateral Orders. .......................................... 17
4.7. Notice of Effectiveness. ............................................................................ 17
4.8. Corporate Action. ..................................................................................... 18
4.9. Filing with Nevada Secretary of State. ...................................................... 18
4.10. Restructuring Transactions. ..................................................................... 18
4.11. Exemption from Certain Transfer Taxes and Further Transactions. ......... 18
4.12. Preservation of Causes of Action. ........................................................... 19
4.13. Director and Officer Liability Insurance. ................................................. 19
4.14. Worker's Compensation Programs. .......................................................... 19
4.15. Final Decree. ........................................................................................... 20

5. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
5.1. Executory Contracts and Unexpired Leases Assumed Per Prior Court Order. .......... 20
5.2. All Other Executory Contracts and Unexpired Leases. .............................. 20
    5.2.1. Assumption. .................................................................................... 20
    5.2.2. Cure Payments. ............................................................................... 20
    5.2.3. Objections to Assumption/Cure Payment Amounts. ........................ 21
    5.2.4. Resolution of Claims Relating to Assumed Contracts and Leases. ... 21
5.3 Rejection of Executory Contracts and Unexpired Leases. ........................... 21
    5.3.1 Rejected Agreements. ....................................................................... 21
    5.3.2. Bar Date for Rejection Damage Claims. .......................................... 21

6. MANNER OF DISTRIBUTION OF PROPERTY UNDER THE PLAN
6.1. Manner of Payment Under the Plan. .......................................................... 22
6.2. Whole Dollars. ......................................................................................... 22

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

iii

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

6.3. Unclaimed Distribution.............................................................................22
6.4. Delivery of Distributions. ........................................................................22
6.5. Disputed Distributions. ...........................................................................23
6.6. Setoffs. .....................................................................................................23
6.7. Withholding Taxes....................................................................................23
6.8. Claims Paid or Payable by Third Parties..................................................23
    6.8.1   Claims Paid by Third Parties.........................................................23
    6.8.2   Claims Payable by Insurance Carriers...........................................23
    6.8.3   Applicability of Insurance Policies. ..............................................23
    6.8.4   Insured Claims...............................................................................24
    6.8.5   No Recourse. .................................................................................25

7.  PROCEDURES FOR RESOLVING DISPUTED CLAIMS .............................25
7.1. Objection to and Resolution of Claims.....................................................25
7.2. Payments. .................................................................................................25
7.3. Contingent Claims. ..................................................................................25
7.4. Estimation of Claims. ..............................................................................25

8.  RESERVATION OF RIGHTS ..........................................................................25
8.1. Withdrawal of Plan; Rights if Plan Not Confirmed; Effective Date Does Not
    Occur. .......................................................................................................26
8.2. No Admissions or Waiver. ........................................................................26
8.3. Term of Bankruptcy Injunction or Stays. .................................................26

9.  CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE
9.1. Conditions to Confirmation. .....................................................................26
9.2. Conditions to Occurrence of Effective Date. ............................................27
9.3. Waiver of Conditions. ..............................................................................27
9.4. Substantial Consummation. ......................................................................27
9.5. Effect of Non-Occurrence of Conditions to the Effective Date................27

10.  EFFECT OF CONFIRMATION OF PLAN ......................................................27
10.1. Discharge. ...............................................................................................27
10.2. Binding Effect of Plan/Injunction. ..........................................................27
10.3. Exculpation. ...........................................................................................28
10.4. Injunctions. .............................................................................................28
10.5. Judgments Void. .....................................................................................29
10.6. No Limitation on Effect of Confirmation. ...............................................29

11.  RETENTION OF JURISDICTION ...................................................................29
11.1. Retention of Jurisdiction. ........................................................................29
11.2. Jurisdiction Unaffected. ..........................................................................31
11.3. Failure of Bankruptcy Court to Exercise Jurisdiction..............................31

12.  MISCELLANEOUS PROVISIONS ..................................................................31
12.1. Modification of the Plan. .........................................................................31
12.2. Notices. ...................................................................................................31

iv

12.3. Headings. ................................................................................ 32
12.4. Nonseverability of Plan Provisions. ........................................ 32
12.5. Waiver or Estoppel. .................................................................. 32
12.6. Governing Law. ........................................................................ 32
12.7. Successors and Assigns. ........................................................... 33
12.8. Cramdown. ................................................................................ 33
12.9. Fees and Reporting to the United States Trustee. .................... 33
12.10. Post Confirmation Reports and Quarterly Fees. ..................... 33
12.11. Entire Agreement. ................................................................... 33

## LIST OF EXHIBITS

A.      List of Directors and Officers for Reorganized Debtor

B.      Schedule of Assumed Contracts and Leases Per Prior Court Order

C.      Schedule of Other Assumed Contracts and Leases

D.      Schedule of Litigation Claims

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Goodwill Industries of Southern Nevada, a Nevada non-profit corporation, as debtor and debtor-in-possession, proposes this plan of reorganization for the resolution of its outstanding Claims. All Creditors and other parties-in-interest should refer to the Disclosure Statement for a discussion of the Debtor's history, assets, historical financial data, and for a summary and analysis of the Plan and certain related matters. All Holders of Claims against the Debtor are encouraged to read the Plan, the Disclosure Statement, and the related solicitation materials in their entirety before voting to accept or reject the Plan. Subject to the restrictions on modifications set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in <u>Article 12</u> to the Plan, the Debtor expressly reserves the right to alter, amend, strike, withdraw, or modify the Plan one or more times before its substantial consummation.

# 1.    DEFINITIONS, RULES OF INTERPRETATION, & COMPUTATION OF TIME

**1.1. Definitions.** For the purposes of the Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this <u>Article 1</u>. Any term used in the Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, in that order of priority. Whenever the context requires, such terms shall include the plural as well as the singular, the masculine gender shall include the feminine, and the feminine gender shall include the masculine. As used in the Plan, the following terms shall have the meanings specified below:

**1.1.1.    Administrative Claim.** A Claim for any cost or expense of administration of the Chapter 11 Case Allowed pursuant to sections 503(b), 507(a)(2) or 507(b) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor, including but not limited to wages, salaries, or commissions for services, and payments for goods and services; (b) compensation and reimbursement of expenses for legal, financial advisory, accounting, and other services, including but not limited to, Allowed Professional Fees, pursuant to sections 327, 328, 330(a), or 331 of the Bankruptcy Code or otherwise for the period commencing on the Petition Date and ending on the Effective Date; and (c) all Bankruptcy Court approved requests for compensation or expense reimbursement for making a substantial contribution in the Chapter 11 Case, pursuant to sections 503(b)(3), (4), and (5) of the Bankruptcy Code or otherwise.

**1.1.2.    Administrative Claim Bar Date.** The deadline for filing requests for allowance and payment of Administrative Claims, including Professional Fees, which unless otherwise ordered by the Bankruptcy Court, shall be thirty (30) days after the Effective Date.

**1.1.3.    Allowed.** With reference to any Claim with respect to the Debtor: (a) any Claim against the Debtor that has been listed by the Debtor in its Schedules, as such Schedules may be amended by the Debtor from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary Proof of Claim has been Filed; (b) any Claim that is Allowed (i) under the Plan, (ii) by Final Order, or (iii) as to which the liability of the Debtor and the amount

1

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

thereof are determined by a Final Order of a court of competent jurisdiction other than the Bankruptcy Court; or (c) as to which a Proof of Claim has been timely Filed in a liquidated amount with the Bankruptcy Court, pursuant to the Bankruptcy Code or any order of the Bankruptcy Court, or has been Filed with leave of the Bankruptcy Court after notice and a hearing, provided that no objection to the allowance of such Claim or motion to expunge such Claim has been interposed by any party-in-interest before any final date for the filing of such objections or motions set forth in the Plan, the Confirmation Order or other order of the Bankruptcy Court.  For purposes of determining the amount of an Allowed Claim, there shall be deducted therefrom an amount equal to the amount of any valid and enforceable claim that the Debtor may hold against the Holder thereof, to the extent such Claim may be validly offset, recouped, or otherwise reduced under applicable law.

**1.1.4.  Amended and Restated Bondholder Documents.** The documents included in the Plan Supplement regarding the Bondholder Claims, which shall include but not necessarily be limited to the following: (a) the Amended and Restated Indenture between the PFA and UMB Bank, N.A., as Trustee, Public Finance Authority Revenue Bonds (Goodwill Industries of Southern Nevada Project Series 2015 (Amended); (b) the Amended and Restated Loan Agreement between the PFA and the Debtor, relating to $22,000,599 Public Finance Authority Revenue Bonds (Goodwill Industries of Southern Nevada Project Series 2015 (Amended)); (c) any other documents pertaining to the Bondholder Claims included in the Plan Supplement, including but not limited to amended and restated security documents.

**1.1.5.  Assets.** All of the assets, property, interests, real and personal, tangible and intangible, wherever situated, of the Debtor, as they exist as of the Effective Date.

**1.1.6.  Avoidance Actions.** Any actions commenced, or that may be commenced before or after the Effective Date, pursuant to sections 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, 553(b) and 724(a) of the Bankruptcy Code.

**1.1.7.  Bankruptcy Code.** The Bankruptcy Reform Act of 1978, title 11 of the United States Code, as amended from time to time, as applicable to this Chapter 11 Case, as now in effect or hereafter amended.

**1.1.8.  Bankruptcy Court.** The United States Bankruptcy Court for the District of Nevada having jurisdiction over the Chapter 11 Case, and to the extent of the withdrawal of any reference under section 157 of title 28 of the United States Code and/or the General Order of the United States District Court for the District of Nevada pursuant to section 151 of title 28 of the United States Code, the United States District Court for the District of Nevada.

**1.1.9.  Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure as applicable to the Chapter 11 Case, and the general, local and chambers rules and orders of the Bankruptcy Court, all as now in effect or hereafter amended.

**1.1.10. Bar Date.** In the case of non-governmental Creditors, December 13, 2017, which is the date established by the Bankruptcy Court by which such Creditors are

required to file proofs of claim with respect to pre-petition Claims including Claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code, except with respect to Administrative Claims, Claims arising from the rejection of any Executory Contracts and Unexpired Leases, and Claims that were scheduled by the Debtor as undisputed, non-contingent, and unliquidated.  In the case of governmental Creditors, February 7, 2018, which is the date established by the Bankruptcy Court by which such Creditors were required to file proofs of claim with respect to pre-petition Claims, including but not limited to Priority Tax Claims.

**1.1.11. Bondholder Claims.** Collectively, the Series 2015A-1 Bond Claims, the Series 2015A-2 Bond Claims, and the Series 2015B Bond Claims.

**1.1.12. Bondholder Documents.** Collectively, all of the following (and any and all amendments, supplements or extensions thereto):   (i) the Indenture; (ii) the Bondholder Loan Agreement; (iii) the Promissory Note dated as of December 1, 2015 by and between the Authority and the Debtor; (iv) all filed or recorded deeds of trust, assignment of rents and leases, security agreements and fixture filings related to all the foregoing; (v) all filed or recorded UCC-1 financing statements related to all of the foregoing; (vi) the deposit account control agreement among the Debtor, Bank of Nevada, a division of Western Alliance Bank, as deposit bank, and the Indenture Trustee, as secured party, as against Goodwill's bank accounts, related to all of the foregoing.

**1.1.13. Bondholder Loan Agreement.** The Loan Agreement dated as of December 1, 2015, by and between the Public Finance Authority and the Debtor, which obligation is evidenced by a Promissory Note, and which evidences the repayment obligation for the Series 2015A-1 Bonds, the Series 2015A-2 Bonds, the Series 2015B Bonds, and the Indenture.

**1.1.14. Bondholder Series A-1 Claims.** All Claims arising under the Series 2015A-1 Bonds, as defined herein.

**1.1.15. Bondholder Series A-2 Claims.** All Claims arising under the Series 2015A-2 Bonds, as defined herein.

**1.1.16. Bondholder Series B Claims.** All Claims arising under the Series 2015B Bonds, as defined herein.

**1.1.17. Business Day.** A day, other than a Saturday, Sunday, or "legal holiday" as defined in Bankruptcy Rule 9006(a).

**1.1.18. Cash.** The legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, negotiable instruments, wire transfers of immediately available funds, or other cash equivalents.

**1.1.19. Cash Collateral Orders.** Any and all interim and final orders entered by the Bankruptcy Court, and any stipulations incorporated therein or approved thereby, which permit the Debtor to use the cash collateral of the Indenture Trustee in the Chapter 11 Case, and any extensions, amendments or modifications to the foregoing.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**1.1.20. Causes of Action.** Any Avoidance Action, cause of action, controversy, demand, right, action, Lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, offset, power, privilege, license, and franchise of any kind or character what-so-ever, known, unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law.

**1.1.21. Chapter 11 Case.** The case under chapter 11 of the Bankruptcy Code involving the Debtor, having case number BK-S-17-14398-btb, including all adversary proceedings pending in connection therewith.

**1.1.22. Claim.** Any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured arising at any time before the Effective Date or relating to any event that occurred before the Effective Date, or any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**1.1.23. Claim Objection Deadline.** The date that is ninety (90) days after the Effective Date, or as otherwise set forth in the Confirmation Order, except for Claims for which a specific objection deadline has been set forth elsewhere in the Plan or by the Court in the Cash Collateral Orders, which deadlines may all be extended by the Reorganized Debtor upon request after notice and a hearing.

**1.1.24. Claims Register.** The official register of Claims maintained by the Clerk of the Bankruptcy Court.

**1.1.25. Class.** A category of Holders of Claims as classified in the Plan.

**1.1.26. Confirmation.** The entry by the Bankruptcy Court of the Confirmation Order on the docket in the Chapter 11 Case.

**1.1.27. Confirmation Date.** The date upon which the clerk of the Bankruptcy Court enters the Confirmation Order on the docket of the Chapter 11 Case.

**1.1.28. Confirmation Hearing.** The hearing held by the Bankruptcy Court to consider confirmation of the Plan pursuant to section 1128 of the Bankruptcy Code, as such hearing may be adjourned or continued from time to time.

**1.1.29. Confirmation Order.** The order entered by the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

**1.1.30. Creditor.** Any Holder of a Claim, whether or not such Claim is Allowed.

**1.1.31. D&O Liability Insurance Policies.** All insurance policies (including any

4

"tail policy") of any of the Debtor for current or former directors', managers', and officers' liability.

**1.1.32. Debtor.** Goodwill Industries of Southern Nevada, Inc., a Nevada non-profit corporation, as debtor and debtor in possession in the Chapter 11 Case.

**1.1.33. Derivative Standing Order.** The *Order Authorizing UMB Bank, as Trustee, to Pursue Certain Claims and Causes of Action on Behalf of the Debtor's Estate* entered by the Bankruptcy Court in the Chapter 11 Case on April 16, 2018, pursuant to which the Indenture Trustee was granted derivative standing to prosecute certain claims of the Estate.

**1.1.34. Disallowed Claim.** Any Claim or portion thereof that has been disallowed by a Final Order of the Bankruptcy Court.

**1.1.35. Disclosure Statement.** The disclosure statement that relates to the Plan, including all exhibits and schedules thereto, as may be amended, supplemented or modified from time to time, that is prepared and distributed in accordance with, among other matters, sections 1125, 1126(b) and 1145 of the Bankruptcy Code, Bankruptcy Rule 3018, and other applicable law.

**1.1.36. Disputed.** A Claim (including any Administrative Claim, Priority Claim or Secured Claim), or any portion thereof, that is: (a) listed in the Schedules as disputed, contingent, or unliquidated; or (b) subject to an objection interposed by the Debtor, the Reorganized Debtor, or any party-in-interest entitled to file and prosecute such objection in the Chapter 11 Case, if at such time such objection remains unresolved by Final Order.

**1.1.37. Distribution.** Any distribution made by the Debtor or the Reorganized Debtor to the Holders of Allowed Claims pursuant to the terms of the Plan.

**1.1.38. Distribution Record Date.** The Confirmation Date unless the Bankruptcy Court establishes a different date in the Confirmation Order.

**1.1.39. Donor-Restricted Property.** Means any property or funds specifically designated or earmarked by the donor or grantor prior to or contemporaneous with the delivery of such property or funds to the Debtor for a specific use related to the Debtor's mission services, and which is held in a separate, segregated account solely for such purpose by the Debtor, including without limitation, funds held in the Debtor's Acct. No. XXXXXX5478 and called "Goodwill Industries of Southern Nevada - Restricted Funds" with Bank of Nevada, a division of Western Alliance Bank, as of the Confirmation Date.

**1.1.40. Effective Date.** The latest to occur of: (i) the first Business Day that is at least fourteen (14) days after the Confirmation Date and on which no stay of the Confirmation Order is in effect; and (i) the first (1st) Business Day on which all of the conditions set forth in <u>Section 9</u> have been satisfied or waived.

**1.1.41. Estate.** The estate of the Debtor that was created by the commencement of the Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**1.1.42. Exculpated Parties.** Means, collectively:  (a) the Debtor; (b) the Indenture Trustee; (c) the holders of the Bondholder Claims on the Effective Date, and, with respect to each of the foregoing:  (1) such entity's current and former officers, directors and employees as of the Petition Date and through the Effective Date only, and (2) as applicable, their respective attorneys, accountants, financial advisors, affiliates, agents, assigns, bankers, consultants, directors, heirs, members, officers, parent entities, partners, representatives, shareholders, subsidiaries, and successors; *provided*, *however*, excepting and excluding therefrom the parties listed on **Exhibit D**.  For the avoidance of doubt, the parties listed on **Exhibit D** shall not be Exculpated Parties and the Debtor and the Reorganized Debtor shall retain any and all Litigation Claims against all parties listed on **Exhibit D**.

**1.1.43. Executory Contract.** A contract to which the Debtor is a party that is subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code.

**1.1.44. Federal Judgment Rate.** The rate of interest on judgments as provided for by 28 U.S.C. § 1961 as of the Confirmation Date.

**1.1.45. File.** To file with the Bankruptcy Court in the Chapter 11 Case.

**1.1.46. Final Decree.** An order of the Bankruptcy Court closing the Chapter 11 Case pursuant to section 350 of the Bankruptcy Code.

**1.1.47. Final Order.** An order, judgment or other decree of the Bankruptcy Court and entered on the docket of such court:  (a) that has not been reversed, stayed, modified, amended, revoked, varied or set aside, and as to which (i) any right to appeal or seek certiorari, review, or stay has been waived, or (ii) the time to appeal or seek certiorari, review, or stay has expired and no appeal or petition for certiorari, review, or stay is pending; or (b) as to which an appeal has been taken or petition for certiorari, review, or stay has been filed, and (i) such appeal or petition for certiorari, review, or stay has been resolved by the highest court to which the order or judgment was appealed or from which certiorari, review, or stay was sought, and (ii) the time to appeal further or seek certiorari, review, or stay has been waived or expired and no such further appeal or petition for certiorari, review, or stay is pending; *provided*, *however*, that no order or judgment shall fail to be a "Final Order" hereunder solely because of the possibility that a motion pursuant to sections 502(j) or 1144 of the Bankruptcy Code, Rule 59 or 60 of the Federal Rules of Civil Procedure as incorporated pursuant to Bankruptcy Rules 9023 and 9024 may be Filed with respect to such order or judgment.

**1.1.48. General Unsecured Claim.** A Claim that is not secured by a charge against or interest in property in which the Estate has an interest and is not an unclassified Claim, Administrative Claim, Secured Claim, Priority Tax Claim or Priority Non-Tax Claim.  General Unsecured Claims shall also include all Claims arising under section 502(g) of the Bankruptcy Code.

**1.1.49. Holder.**  Any Person holding a Claim against the Debtor.

**1.1.50. Impaired.**  Means impairment within the meaning of section 1124 of the

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Bankruptcy Code.

**1.1.51. Indenture.** The Trust Indenture, dated as of December 1, 2015, by and among the PFA, U.S. Bank National Association, as original trustee, and the Indenture Trustee, as successor trustee, and the Debtor, as borrower.

**1.1.52. Indenture Trustee.** UMB Bank, National Association, in its capacity as successor indenture trustee under the Indenture, or under the Amended and Restated Bondholder Documents, as applicable, and U.S. Bank National Association, as the original indenture trustee under the Indenture.

**1.1.53. Insider.** Shall include any person having such meaning as set forth in section 101(31) of the Bankruptcy Code.

**1.1.54. Lien.** A charge against or interest in property to secure payment of a debt or performance of an obligation within the meaning of section 101(37) of the Bankruptcy Code.

**1.1.55. Litigation Claims.** All rights, claims, torts, Liens, liabilities, obligations, actions, Causes of Action, Avoidance Actions, derivative actions, proceedings, debts, contracts, judgments, damages and demands whatsoever in law or in equity, whether known or unknown, contingent or otherwise, that the Debtor or the Estate may have against any person, including but not limited to those listed on **<u>Exhibit D</u>** hereto.

**1.1.56. Net Proceeds.** Means all cash proceeds recovered on account of the Litigation Claims remaining after the payment of:  (i) all expenses incurred in generating any such cash proceeds, including all attorneys' fees and expenses, expert witness fees and expenses and court costs, and (ii) all expenses incurred in prosecuting any objections to Class 4 Claims, including all attorneys' fees and expenses, expert witness fees and expenses and court costs.

**1.1.57. Other Secured Claims.** Means all Claims that are Secured other than the Bondholder Claims.

**1.1.58. Permitted Encumbrances.** Includes the following: (i) Liens for ad valorem taxes not yet due and payable, (ii) easements, restrictions, rights of way, conditions and limitations of record that affected the title to the Real Property as of the Petition Date, (iii) any Liens securing Secured Claims that are reinstated or assumed by the Debtor (as applicable), and (iv) Liens arising in favor of any applicable authority pursuant to NRS chapter 318 or other applicable law to secure water or sewer service, inspection and/or related fees.

**1.1.59. Person.** Any individual, corporation, partnership, limited liability company, joint venture, association, trust or organization, unincorporated organization or government, governmental agency, governmental unit or political subdivision, or any other entity.

**1.1.60. Petition Date.** August 11, 2017, the date on which the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

commencing the Chapter 11 Case.

**1.1.61. PFA.** The Public Finance Authority, a joint powers commission under the laws of the State of Wisconsin, which is authorized and empowered to, among other things, issue bonds, notes or other evidences of indebtedness in connection with, and to make loans to assist in the financing of, "projects" located inside and outside of the State of Wisconsin.

**1.1.62. Plan.** This chapter 11 plan of reorganization, including all documents referenced herein and all exhibits, supplements, appendices and schedules hereto or thereto, either in its present form or as the same may be altered, amended or modified from time to time pursuant to the Bankruptcy Code or Final Order.

**1.1.63. Plan Supplement.** The compilation of documents and forms of documents, schedules, and exhibits to the Plan to be Filed by the Debtor no later than ten (10) calendar days prior to the deadline for Ballots to be received in connection with voting to accept or reject the Plan, which may contain, among other things, draft forms or signed copies, as the case may be, of (a) the Assumed Executory Contract and Unexpired Lease Schedule, (b) a schedule of Litigation Claims as retained Causes of Action, (c) the Amended and Restated Bondholder Documents, and additional documents filed with the Bankruptcy Court before the Effective Date as amendments to the Plan Supplement; *provided*, that each of the documents in the Plan Supplement (whether or not set forth above) shall be in form and substance acceptable to the Debtor and the Indenture Trustee. Any reference to the Plan Supplement in the Plan shall include each of the documents identified above, as applicable.  The Debtor shall be entitled to amend such documents in accordance with their respective terms through and including the Effective Date.

**1.1.64. Priority Non-Tax Claim.** Any Claim, other than an Administrative Claim or Priority Tax Claim, that is entitled to priority under section 507(a) of the Bankruptcy Code.

**1.1.65. Priority Tax Claims.**  Any Claim that is entitled to priority under sections 502(i) or 507(a)(8) of the Bankruptcy Code.  Priority Tax Claims do not include ad valorem property tax Claims if such Claims under applicable state law are Secured by a Lien on the Debtor's Assets.

**1.1.66. Professional.** A Person:  (a) employed pursuant to a Bankruptcy Court order in accordance with sections 327, 328 and/or 1103 of the Bankruptcy Code, and to be compensated for services rendered on or prior to the Effective Date, pursuant to sections 327, 328, 329, 330, or 331 of the Bankruptcy Code; or (b) awarded compensation and reimbursement by the Bankruptcy Court, pursuant to section 503(b) of the Bankruptcy Code.

**1.1.67. Professional Fees.** All reasonable fees and expenses incurred by Professionals and Allowed by the Bankruptcy Court.

**1.1.68. Professional Fee Claim.** Any Claim for compensation or reimbursement of fees and expenses as may be requested by a Professional to the extent such

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Professional is required to apply to the Bankruptcy Court for payment of such Claim pursuant to sections 503(b), 326, 327, 328, 330 or 331 of the Bankruptcy Code and the terms of the Plan.

**1.1.69.  Proof of Claim.** A Proof of Claim Filed against the Debtor in the Chapter 11 Case.

**1.1.70.  Pro Rata.** With respect to an amount of Cash or other consideration to be paid or distributed on a particular date to a Holder of an Allowed Claim, that such Distribution shall be made in accordance with the ratio, as of such date, of the amount such Allowed Claim is to the aggregate of the amounts of Claims in the Class to which such Allowed Claim belongs.

**1.1.71.  Record Date.** The Confirmation Date for the purpose of determining the Holders of Claims.

**1.1.72.  Reorganized Debtor.** The Debtor, or any successor thereto, by merger, consolidation or otherwise, as reorganized pursuant to the Plan on or after the Effective Date.

**1.1.73.  Reissued Series 2015A-1 Bond.** That certain bond in the original principal amount of $9,236,915 for which the Series 2015A-1 Bond shall be exchanged on the Effective Date, or as soon thereafter as practicable.

**1.1.74.  Reissued Series 2015A-2 Bond.** That certain bond in the original principal amount of 11,088,278 for which the Series 2015A-2 Bond shall be exchanged on the Effective Date, or as soon thereafter as practicable.

**1.1.75.  Reissued Series 2015B Bond.** That certain bond in the original principal amount of $1,675,406 for which the Series 2015B Bond shall be exchanged on the Effective Date, or as soon thereafter as practicable.

**1.1.76.  Reorganized Debtor.** The Debtor, or any successor thereto, by merger, consolidation or otherwise, as reorganized pursuant to the Plan on or after the Effective Date.

**1.1.77.  Schedules.** The schedules of assets and liabilities, and the statements of financial affairs Filed by the Debtor under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, and all amendments and modifications thereto through the Confirmation Date.

**1.1.78.  Secured.** When referring to a Claim:  (a) secured by a Lien on property in which the Estate has an interest, which Lien is valid, perfected, and enforceable pursuant to applicable law or by reason of a Bankruptcy Court order, or that is subject to setoff pursuant to section 553 of the Bankruptcy Code, to the extent of the value of the Creditor's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code; or (b) Allowed pursuant to the Plan as a secured Claim.

**1.1.79. Series 2015A-1 Bonds.** That certain tax-exempt bond offering, Series 2015A, consisting of a tranche in the principal amount of $8,975,000 and for a 20 year term (due December 1, 2035) with an interest rate in an amount equal to 5.50% per annum, having CUSIP Number 74442PBC8, issued by the PFA under the Indenture.

**1.1.80. Series 2015A-2 Bonds.** That certain tax-exempt bond offering, Series 2015A, consisting of a tranche in the original principal amount of $10,760,000 and for a 30 year term (due December 1, 2045) with an interest rate in an amount equal to 5.75% per annum, having CUSIP Number 74442PBD6, issued by the PFA under the Indenture.

**1.1.81. Series 2015B Bonds.** That certain taxable bond offering, Series 2015B in the original principal amount of $2,410,000 and for a three year term (due December 1, 2018), with an interest in an amount equal to 5.25% per annum, having CUSIP Number 74442PBE4, issued by the PFA under the Indenture.

**1.1.82. Unexpired Lease.** A lease of non-residential real property to which the Debtor is a party that is subject to assumption or rejection pursuant to section 365 of the Bankruptcy Code.

**1.1.83. Unimpaired.** With respect to a Claim, leaving unaltered the legal, equitable, and contractual rights to which such Claim entitles the Holder of such Claim.

**1.1.84. Unsecured Claim.** Any Claim that is neither Secured nor entitled to priority under the Bankruptcy Code or any order of the Bankruptcy Court as a Priority Tax Claim or Priority Non-Tax Claim.

**1.1.85. Unsecured Creditor Distribution.** An amount equal to 33.33% of the Net Proceeds generated from the Litigation Claims.

**1.1.86. U.S. Trustee Fees.** Any fees payable pursuant to 28 U.S.C. § 1930.

**1.2. Computation of Time.** In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**1.3. Rules of Interpretation.** Any term used in the Plan that is not defined in the Plan, either in this Article or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy Rules, has the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules. For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in the Plan to an existing document, schedule, or exhibit Filed or to be Filed means such document, schedule, or exhibit, as it may have been or may be amended, modified, or supplemented as of the Confirmation Date in accordance with the terms hereof; (c) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles, and exhibits are references to Sections, Articles, and exhibits of or to the Plan; (d) the words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (e) the word "all" shall mean "any and all;" (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretations of the Plan; (g) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply, including that the

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

terms "includes," "shall include," and "including" are not limiting; (h) reference to a pleading, request, or document being "Filed" means duly and properly filed with the Bankruptcy Court as reflected on the docket of the Bankruptcy Court; (i) all exhibits and schedules to the Plan are incorporated into the Plan, and shall be deemed to be included in the Plan, regardless of when they are Filed; (j) any service or notice provided for in the Plan shall be provided at the addresses specified herein; (k) except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent the exhibits provide otherwise, the rights, duties and obligations under the Plan shall be governed, construed and enforced in accordance with the laws of the State of Nevada; and (l) to the extent a reference or description in the Disclosure Statement is inconsistent with the terms or conditions of the Plan, the terms and conditions of the Plan, as applicable, shall govern over the reference contained in the Disclosure Statement.

**1.4. Exhibits, Schedules and Plan Supplement.** All exhibits and schedules attached to the Plan, as well as the Plan Supplement, are incorporated into and are a part of the Plan as if set forth in full herein. The documents contained in the exhibits, scheduled and Plan Supplement shall be approved by the Bankruptcy Court pursuant to the Confirmation Order.

## 2.    TREATMENT OF UNCLASSIFIED CLAIMS

**2.1. General.** Pursuant to section 1123(a)(1) of the Bankruptcy Code, the Claims against the Debtor set forth in this Article 2 are not designated as Classes. The Holders of such Claims are not entitled to vote on the Plan. The treatment of the Claims set forth below is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

**2.2. Treatment of Administrative Claims.**

**2.2.1    Generally.** Each Allowed Administrative Claim shall be paid by the Reorganized Debtor (or otherwise satisfied in accordance with its terms) upon the latest of: (i) the Effective Date or as soon thereafter as is practicable; (ii) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; and (iii) such date as the Holder of such Claim and the Reorganized Debtor have already agreed upon or shall agree upon. For the avoidance of doubt, notwithstanding anything to the contrary herein, the Debtor or the Reorganized Debtor, as the case may be, hereby reserve any and all defenses or offsets to challenge any Administrative Claims.

**2.2.2    Requests for Payment.** All requests for payment of Administrative Claims against the Debtor and all final applications for allowance and disbursement of Professional Fees must be filed by the Administrative Claims Bar Date or the Holders thereof shall be forever barred, estopped and enjoined from asserting such Administrative Claims against the Debtor and the Reorganized Debtor. All Professional Fees applications must be in compliance with all of the terms and provisions of any applicable order of the Bankruptcy Court, including the Confirmation Order, and all other orders governing payment of Professional Fees. Unless otherwise ordered by the Bankruptcy Court, from and after the Effective Date, no professional shall be required to file fee applications with the Bankruptcy Court and the Reorganized Debtor may pay all professionals in the ordinary course for fees and expenses incurred after the Effective Date.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**2.2.3  Priority Tax Claims.**  Each Allowed Priority Tax Claim, if any, will be paid in full by the Reorganized Debtor on the later of: (i) the fourteenth (14th) Business Day after the date on which an order allowing such Claim becomes a Final Order; or (ii) such other time as is agreed to by the Holder of such Claim and the Debtor prior to the Effective Date or the Reorganized Debtor after the Effective Date.

**3.    DESIGNATION OF CLASSES OF CLAIMS**

**3.1. Overview.**  Pursuant to the Plan and in accordance with section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors (except Administrative Claims and Priority Tax Claims) are placed in the Classes described below.  A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and is classified in other Classes only to the extent that any remainder of the Claim qualifies within the description of such other Classes.  A Claim is also classified in a particular Class only to the extent that such Claim is an Allowed Claim in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date.  With respect to Classes of Claims described as Unimpaired under the Plan, except as otherwise provided under the Plan, nothing shall affect the rights and legal and equitable defenses of the Debtor and the Reorganized Debtor regarding such Claims classified as Unimpaired under the Plan, including but not limited to, all rights in respect of legal and equitable defenses to setoff or recoupment against such Claims.

**3.2. Summary of Classification.**

| Class | Claim | Treatment | Voting Rights |
|-------|-------|-----------|---------------|
| Class 1(a) | Bondholder Series A-1 Claims | Impaired | Entitled to Vote |
| Class 1(b) | Bondholder Series A-2 Claims | Impaired | Entitled to Vote |
| Class 1(c) | Bondholder Series B Claims | Impaired | Entitled to Vote |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3 | Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 4 | General Unsecured Claims | Impaired | Entitled to Vote |

**3.3. Class 1(a):  Bondholder Series A-1 Claims.**

**3.3.1  Claims in Class**.  Class 1(a) consists of any Allowed Bondholder Series A-1 Claims.

**3.3.2  Treatment.**  Each Holder of an Allowed Bondholder Series A-1 Claim shall receive, as more particularly set forth in the Amended and Restated Bondholder Documents, the following:

**3.3.2.1  Initial Payments.**  Within 60 days following the Effective Date of

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

the Plan, the Reorganized Debtor shall pay an amount sufficient:  (i) to satisfy in full all reasonable fees and costs of the Indenture Trustee and its professionals incurred during the Chapter 11 Case; and (ii) the amount necessary to restore the bond reserve fund in full in accordance with the Amended and Restated Bondholder Documents.

**3.3.2.2  Remaining Year Payments.**  For the period commencing June 1, 2019 through the remainder of the term to maturity of the Bondholder Series A-1 Claim, the Reorganized Debtor shall commence making payments due in accordance with the schedule set forth and pursuant to the terms and conditions in the Amended and Restated Bondholder Documents until paid in full.  To effect such payments, on the Effective Date, or as soon thereafter as practicable, each holder of an Allowed Bondholder Series A-1 Claim shall receive its Pro Rata share of the Reissued Series 2015A-1 Bonds.  In accordance with the Amended and Restated Bondholder Documents, the Indenture Trustee shall retain all of its Pre-Petition Liens (as described in the Cash Collateral Order) until such time as relinquished under the terms of the Amended and Restated Bondholder Documents.

**3.3.3  Impairment and Voting.**  Creditors with Allowed Bondholder Series A-1 Claims in Class 1(a) are Impaired under the Plan.  Holders of Allowed Class 1(a) Claims are entitled to vote to accept or reject the Plan.

**3.4. Class 1(b):  Bondholder Series A-2 Claims.**

**3.4.1.  Claims in Class**.  Class 1(b) consists of any Allowed Bondholder Series A-2 Claims.

**3.4.2.  Treatment**.  Each Holder of an Allowed Bondholder Series A-2 Claim shall receive, as more particularly set forth in the Amended and Restated Bondholder Documents, the following:

**3.4.2.1.  Initial Payments.**  Within 60 days following the Effective Date of the Plan, the Reorganized Debtor shall pay an amount sufficient:  (i) to satisfy in full all reasonable fees and costs of the Indenture Trustee and its professionals incurred during the Chapter 11 Case; and (ii) the amount necessary to restore the bond reserve fund in full in accordance with the Amended and Restated Bondholder Documents.

**3.4.2.2.  Remaining Year Payments.**  For the period commencing June 1, 2019 through the remainder of the term to maturity of the Bondholder Series A-2 Claim, the Reorganized Debtor shall commence making payments due in accordance with and pursuant to the terms and conditions in the Amended and Restated Bondholder Documents until paid in full.  To effect such payments, on the Effective Date, or as soon thereafter as practicable, each holder of an Allowed Bondholder Series A-2 Claim shall receive its Pro Rata share of the Reissued Series 2015A-2 Bonds.  In accordance with the Amended and Restated Bondholder Documents, the Indenture Trustee shall retain all of its Pre-Petition

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

Liens (as described in the Cash Collateral Order) until such time as relinquished under the terms of the Amended and Restated Bondholder Documents.

**3.4.3  Impairment and Voting.**  Creditors with Allowed Bondholder Series A-2 Claims in Class 1(b) are Impaired under the Plan.  Holders of Allowed Class 1(b) Claims are entitled to vote to accept or reject the Plan.

**3.5. Class 1(c):  Bondholder Series B Claims.**

**3.5.1.   Claims in Class**.  Class 1(c) consists of any Allowed Bondholder Series B Claims.

**3.5.2.   Treatment.**  Each Holder of an Allowed Bondholder Series B Claim shall receive, as more particularly set forth in the Amended and Restated Bondholder Documents, the following:

**3.5.2.1.  Initial Payments.**  Within 60 days following the Effective Date of the Plan, the Reorganized Debtor shall pay an amount sufficient:  (i) to satisfy in full all reasonable fees and costs of the Indenture Trustee and its professionals incurred during the Chapter 11 Case; and (ii) the amount necessary to restore the bond reserve fund in full in accordance with the Amended and Restated Bondholder Documents.

**3.5.2.2  Remaining Year Payments**.  For the period commencing June 1, 2019 through the remainder of the term to maturity of the Bondholder Series B Claim, the Reorganized Debtor shall commence making payments due in accordance with the schedule set forth and pursuant to the terms and conditions in the Amended and Restated Bondholder Documents until paid in full.  To effect such payments, on the Effective Date, or as soon thereafter as practicable, each holder of an Allowed Bondholder Series B Claim shall receive its Pro Rata share of the Reissued Series 2015B Bonds.  In accordance with the Amended and Restated Bondholder Documents, the Indenture Trustee shall retain all of its Pre-Petition Liens (as described in the Cash Collateral Order) until such time as relinquished under the terms of the Amended and Restated Bondholder Documents.

**3.5.3.  Impairment and Voting.**  Creditors with Allowed Bondholder Series B Claims in Class 1(c) are Impaired under the Plan.  Holders of Allowed Bondholder Class 1(c) Claims are entitled to vote to accept or reject the Plan.

**3.6. Class 2:  Other Secured Claims.**

**3.6.1.  Claims in Class**.  Class 2 consists of any Allowed Other Secured Claims.

**3.6.2.   Treatment.**  Each Holder of an Allowed Other Secured Claim shall be considered to be in its own separate subclass within Class 2 and each such subclass shall be deemed to be a separate Class for purposes of the Plan.  Except to the extent that the Holder of an Allowed Secured Claim in Class 2 agrees to less favorable treatment, each Holder of an Allowed Other Secured Claim in Class 2 shall be satisfied by, at the option

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

of the Debtor: (i) payment in Cash by the Reorganized Debtor in full on the later of the Effective Date and the date such Secured Claim becomes Allowed, or as soon thereafter as is practicable; (ii) the sale or disposition proceeds of the collateral securing such Allowed Claim to the extent of the value of the collateral securing such Allowed Claim; (iii) surrender to the Holder of such Allowed Secured Claim of the collateral securing such Allowed Claim; or (iv) such treatment that leaves unaltered the legal, equitable, and contractual rights to which the Holder of the Allowed Secured Claim is entitled. In the event an Allowed Other Secured Claim in Class 2 is treated under clause (i) or (ii) above, the Liens securing such Claim shall be deemed released and extinguished without further order of the Bankruptcy Court.

**3.6.3.  Impairment and Voting.**  Creditors with Allowed Other Secured Claims in Class 2 are Unimpaired under the Plan.  Holders of Allowed Class 2 Claims are not entitled to vote to accept or reject the Plan, and are presumed to have accepted the Plan.

### 3.7. Class 3:  Priority Non-Tax Claims.

**3.7.1.  Claims in Class.**  Class 3 consists of all Priority Non-Tax Claims.

**3.7.2.  Treatment.**  Except to the extent that a Creditor with an Allowed Priority Non-Tax Claim agrees to less favorable treatment, each Allowed Priority Non-Tax Claim shall be paid in full by the Reorganized Debtor upon the latest of: (i) the first Business Day after the Effective Date; (ii) such date as may be fixed by the Bankruptcy Court; (iii) the fourteenth (14th) Business Day after such Allowed Priority Non-Tax Claim is Allowed, or as soon thereafter as practicable; and (iv) such date as the Holder of such Allowed Priority Non-Tax Claim and, prior to the Effective Date, the Debtor, and after the Effective Date, the Reorganized Debtor, shall agree.

**3.7.3.  Impairment and Voting.**  Creditors with Allowed Priority Non-Tax Claims in Class 3 are Unimpaired under the Plan.  Holders of Allowed Priority Non-Tax Claims are not entitled to vote to accept or reject the Plan, and are presumed to have accepted the Plan.

### 3.8. Class 4: General Unsecured Claims.

**3.8.1.  Claims in Class**.  Class 4 consists of all Allowed General Unsecured Claims against the Debtor.

**3.8.2.  Treatment.**  Holders of Class 4 Allowed General Unsecured Claims shall receive their Pro Rata share of the Unsecured Creditor Distribution within thirty (30) days of the latest of:  (a) the date all proceeds are received from all Litigation Claims; (b) the expiration of the Claims Objection Deadline, or if any Claim Objections are pending as of that deadline, the date of the entry of a Final Order adjudicating all remaining Claim Objections.

**3.8.3.  Impairment and Voting.**  Creditors with Allowed General Unsecured Claims in Class 4 are Impaired under the Plan.  Holders of Allowed Class 4 General Unsecured Claims are entitled to vote to accept or reject the Plan.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**3.9  Elimination of Vacant Classes.**  Any Class of Claims that is not occupied as of the date of the commencement of the Confirmation Hearing by an Allowed Claim or a Claim temporarily Allowed under Bankruptcy Rule 3018 shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

**3.10.  Special Provision Governing Unimpaired Claims.**  Except as otherwise specifically provided in this Plan, nothing herein shall be deemed to affect, diminish, or impair the Debtor's or the Reorganized Debtor's rights and defenses, both legal and equitable, with respect to any Unimpaired Claim, including legal and equitable defenses to setoffs or recoupment against Unimpaired Claims; and, except as otherwise specifically provided in this Plan, nothing herein shall be deemed to be a waiver or relinquishment of any Claim, Cause of Action, right of setoff, or other legal or equitable defense which the Debtor had immediately prior to the Petition Date, against or with respect to any Claim that is Unimpaired by this Plan.  Except as otherwise specifically provided in this Plan, the Reorganized Debtor shall have, retain, reserve, and be entitled to assert all such Claims, Causes of Action, rights of setoff, and other legal or equitable defenses which it had immediately prior to the Petition Date fully as if the Chapter 11 Case had not been commenced, and all of the Reorganized Debtor's legal and equitable rights with respect to any Claim that is Unimpaired by this Plan may be asserted after the Confirmation Date and the Effective Date to the same extent as if the Chapter 11 Case had not been commenced.

**3.11.  No Post-Petition Interest on Claims.**  Unless otherwise specifically provided for in an order of the Bankruptcy Court, the Plan, or the Confirmation Order, or required by applicable bankruptcy law, post-petition interest shall not accrue or be paid on any Claims and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any such Claim, except as otherwise provided herein with respect to the distributions on account of the Bondholder Claims.

## 4.  MEANS OF EXECUTION AND IMPLEMENTATION OF THE PLAN

**4.1. Funding of the Plan.**  Unless otherwise provided in the Plan, payments required by the Plan on and after the Effective Date will be satisfied from:  (a) the Debtor's cash generated from its operations; provided, however, that excepting and excluding therefrom the Donor-Restricted Funds, which shall solely and exclusively be used in accordance with Section 4.3; (b) the pursuit and liquidation of the Litigation Claims, in the reasonable discretion of the Debtor or the Reorganized Debtor.

**4.2. Vesting of Assets in Reorganized Debtor.**  Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated in the Plan or the Plan Supplement (which for the avoidance of doubt, includes the Claims, Liens, encumbrances and interests provided and established in the Amended and Restated Bondholder Documents and those Liens, encumbrances and interests granted in the Bondholder Documents, which shall be fully preserved), on the Effective Date, all property of the Debtor and the Estate, including without limitation all cash, all Litigation Claims, all Assumed Contracts, and all property acquired by the Debtor, shall vest in the Reorganized Debtor, free and clear of all Claims, liens, encumbrances, and interests, with the exception of those.  From and after the Effective Date, the Reorganized Debtor may conduct its affairs and use, acquire and dispose of property without supervision by the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Rules, other than those restrictions expressly imposed by the Plan and the Confirmation Order.

**4.3. Prohibition on Use of Donor-Restricted Property to Pay Creditors.** Donor-Restricted Property shall be used only as the donor or grantor has expressly directed, and shall not under any circumstances be used to repay any Creditors in the Chapter 11 Case other than as the donor or grantor may have expressly permitted.  On and after the Effective Date, the Reorganized Debtor shall retain its interests in, its rights to use and, where applicable, custody of the Donor-Restricted Funds, consistent with all agreements and restrictions governing the disposition and use of such funds, any modifications to such agreements and restrictions that may be authorized by the donors or grantees of such funds or property, and otherwise applicable non-bankruptcy law.

**4.4. Powers and Duties of the Reorganized Debtor in the Litigation Claims.** The Reorganized Debtor shall have the following rights, powers and duties:  (a) The full right, power and discretion to manage the Litigation Claims, and execute, acknowledge and deliver any and all instruments with respect thereto, as it deems appropriate or necessary in its discretion; (b) Administer the collection, prosecution, settlement, and/or abandonment of the Litigation Claims and all other Claims, right, and Causes of Action vested in it pursuant to the Plan; (c) Prosecute, settle and/or abandon objections to Class 4 Claims; (d) Make interim and final distributions to the holders of Allowed Class 4 Claims; (e) File all tax and regulatory forms, returns, reports and other documents required; and (f) File suit or any appropriate motion for relief in the Court or in any other court of competent jurisdiction to resolve any disagreement, conflict, dispute or ambiguity in connection with the exercise of its rights, powers or duties.  Any rights vested in the Indenture Trustee pursuant to the Derivative Standing Order are revested in the Reorganized Debtor on and as of the Effective Date.  The Reorganized Debtor has full right, power and discretion to manage the Litigation Claims, but does not have the obligation to pursue the Litigation Claims.

**4.5. Reorganized Debtor.** On and after the Effective Date, the Reorganized Debtor shall continue to exist as a separate entity in accordance with applicable law.  The Debtor's existing articles of incorporation, bylaws, corporate resolutions (as amended, supplemented or modified, and as applicable) will continue in effect for the Reorganized Debtor following the Effective Date, except to the extent such documents are amended in conformance with the Plan or by proper corporate action after the Effective Date.  The operations and management of the Reorganized Debtor shall be vested in the Officers and the Board of Directors listed on **Exhibit A**.

**4.6. Partial Vacatur of the Cash Collateral Orders.** From and after the Effective Date, all post-petition Adequate Protection Liens and Superpriority Claims as described in Paragraph 9 of the Cash Collateral Orders, and any related stipulations approved thereby, shall be vacated, null and void, and shall have no further force and effect.  For the avoidance of doubt, nothing in this provision is intended or should be construed as altering or affecting any other provisions in the Cash Collateral Order and any related stipulations, including without limitation the Debtor's Stipulations (as described in Paragraph E in the Cash Collateral Order), and the final allowance of the Indenture Trustee's Pre-Petition Liens and Claims as a result of expiration of the Challenge Period (as described in Paragraph 15 of the Cash Collateral Order).

**4.7. Notice of Effectiveness.** When all of the steps contemplated by <u>Section 9.1</u> and

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Section 9.2 have been completed, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon all Creditors and all potential Holders of Administrative Claims known to the Reorganized Debtor (whether or not disputed), a Notice of Effective Date of Plan. The Notice of Effective Date of Plan shall include notice of the Administrative Claim Bar Date.

**4.8. Corporate Action.** Upon the Effective Date, or as soon thereafter as is reasonably practicable, all actions contemplated by the Plan shall be deemed authorized and approved by the Bankruptcy Court in all respects, including, as applicable: (1) the selection of the directors and officers for the Reorganized Debtor; (2) assumption of the Assumed Agreements by the Reorganized Debtor; (3) implementation of the Restructuring Transactions; and (5) all other actions contemplated by the Plan (whether to occur before, on, or after the Effective Date). Upon the Effective Date, all matters provided for in the Plan involving the corporate structure of the Reorganized Debtor, and any corporate action required by the Debtor or the Reorganized Debtor in connection with the Plan shall be deemed to have occurred and shall be in effect, without any requirement of further action by the directors or officers of the Debtor or the Reorganized Debtor. On or before the Effective Date, as applicable, the appropriate officers of the Debtor or the Reorganized Debtor shall be authorized to issue, execute, and deliver the agreements, documents, securities, and instruments contemplated by the Plan (or necessary or desirable to effect the transactions contemplated by the Plan), in the name of and on behalf of the Reorganized Debtor, to the extent not previously authorized by the Bankruptcy Court. The authorizations and approvals contemplated by this Section 4.8 shall be effective notwithstanding any requirements under non-bankruptcy law.

**4.9. Filing with Nevada Secretary of State.** In accordance with NRS 82.466(2), on the Effective Date, a certified copy of the Plan and the Confirmation Order shall be filed with the Nevada Secretary of State. Further, to the extent applicable, from the Confirmation Date until the Effective Date, the Debtor or the Reorganized Debtor as the case may be is authorized and directed to take any action or carry out any proceeding necessary to effectuate the Plan pursuant to NRS chapter 82, and to extent incorporated therein, NRS chapter 78, or other applicable law.

**4.10. Restructuring Transactions.** On the Effective Date or as soon as reasonably practicable thereafter, the Debtor may take all actions as may be necessary or appropriate in the Debtor's sole discretion to effectuate any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan, including: (1) the execution and delivery of appropriate agreements or other documents of restructuring, conversion, disposition, transfer, or arrangement containing terms that are consistent with the terms of the Plan; (2) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan; (3) the filing of appropriate certificates or articles pursuant to applicable state or law; and (4) all other actions that the Debtor determines to be necessary, including making filings or recordings that may be required by applicable law in connection with the Plan.

**4.11. Exemption from Certain Transfer Taxes and Further Transactions.** In accordance with section 1146(c) of the Bankruptcy Code, (i) the issuance, distribution, transfer or exchange of a security, or the making or delivery of an instrument of transfer under the Plan with respect to any and all property; (ii) the creation, modification, consolidation or recording of any deed of trust or other security interest, the securing of additional indebtedness by such means or by other means in furtherance of, or connection with this Plan or the Confirmation Order; (iii) the

making, assignment, modification or recording of any lease or sublease; or (iv) the making, delivery or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, Confirmation Order or any transaction contemplated above, or any transactions arising out of, contemplated by or in any way related to the foregoing shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act or real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment and the appropriate state of local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

**4.12. Preservation of Causes of Action.**  In accordance with section 1123(b) of the Bankruptcy Code, and except as otherwise provided in this Plan, the Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Plan Supplement, and such rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date.  The Debtor or the Reorganized Debtor, as applicable, expressly reserves all rights to prosecute any and all Causes of Action against any entity.  The Debtor and the Reorganized Debtor, as applicable, expressly reserve all Causes of Action, for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the confirmation or consummation of the Plan.

**4.13. Director and Officer Liability Insurance.**  To the extent that the D&O Liability Insurance Policies are considered to be Executory Contracts, notwithstanding anything in the Plan to the contrary, effective as of the Effective Date, the Reorganized Debtor shall be deemed to have assumed all unexpired D&O Liability Insurance Policies with respect to the Debtor's directors, officers, and employees serving on or prior to the Petition Date pursuant to section 365(a) of the Bankruptcy Code.  Entry of the Confirmation Order will constitute the Bankruptcy Court's approval of the Reorganized Debtor's assumption of each of the unexpired D&O Liability Insurance Policies.  Notwithstanding anything to the contrary contained in the Plan, Confirmation of the Plan shall not discharge, impair, or otherwise modify any indemnity obligations assumed by the foregoing assumption of the D&O Liability Insurance Policies, and each such indemnity obligation will be deemed and treated as an Executory Contract that has been assumed by the Reorganized Debtor under the Plan as to which no Proof of Claim need be filed.

**4.14. Worker's Compensation Programs.**  As of the Effective Date, the Reorganized Debtor shall continue to honor its obligations under: (i) all applicable workers' compensation laws in which the Reorganized Debtor operates; and (ii) the Debtor's: (a) written contracts, agreements, and agreements of indemnity, in each case relating to workers' compensation, (b) self-insurer workers' compensation bonds, policies, programs, and plans for workers' compensation and (c) workers' compensation insurance.  All Proofs of Claims on account of workers' compensation shall be deemed withdrawn automatically and without any further notice to or action, order, or approval of the Bankruptcy Court; *provided*, *however*, that nothing in the Plan shall limit, diminish, or otherwise alter the Debtor's or the Reorganized Debtor's defenses,

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Causes of Action, or other rights under applicable non-bankruptcy law with respect to any such contracts, agreements, policies, programs and plans.

**4.15. Final Decree.** Notwithstanding otherwise applicable law, the Chapter 11 Case shall be closed and a Final Decree entered as soon as possible after the occurrence of the Effective Date, *provided* that: (a) all adversary proceedings and contested matters pending before the Bankruptcy Court have been resolved by a Final Order; and (c) all Claims have either: (i) become Allowed Claims and payments have begun in accordance with the treatment to be given such Allowed Claim pursuant to the Plan; (ii) been disallowed by a Final Order or deemed to be a Disallowed Claim, in accordance with the terms of the Plan; (iii) been assumed by the Debtor, or (iv) reinstated.

## 5.    <u>TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

**5.1. Executory Contracts and Unexpired Leases Assumed Per Prior Court Order.** All contracts and leases entered into or amended by the Debtor per separate order of the Bankruptcy Court entered from and after the Petition Date and as listed on **<u>Exhibit B</u>** (Schedule of Assumed Agreements Per Prior Court Order) remain assumed and retained by the Reorganized Debtor and shall remain in full force and effect following the Effective Date in accordance with their respective terms and conditions without change. For the avoidance of doubt, <u>Section 5.2</u> of the Plan shall not apply to all contracts and leases listed on **<u>Exhibit B</u>**; rather, such contracts and leases shall be exclusively governed by this <u>Section 5.1</u>.

**5.2. All Other Executory Contracts and Unexpired Leases.**

**5.2.1.    Assumption.** On the Effective Date, and in addition to those agreements and leases governed by <u>Section 5.1</u>, the Reorganized Debtor shall also assume all executory contracts and unexpired leases of the Debtor listed on **<u>Exhibit C</u>** (Scheduled of Assumed Agreements). The Debtor reserves the right to amend the Schedule of Assumed Pre-Petition Agreements at any time prior to the Effective Date to: (a) delete any executory contract or unexpired lease and provide for its rejection under the Plan or otherwise, or (b) add any executory contract or unexpired lease and provide for its assumption under the Plan. The Debtor will provide notice of any amendment to the Schedule of Assumed Agreements to the party or parties to the agreement affected by the amendment. The Confirmation Order will constitute a Court order approving the assumption, on the Effective Date, of all executory contracts and unexpired leases identified on the Schedule of Assumed Agreements.

**5.2.2.    Cure Payments.** Any amount that must be paid under section 365(b)(1) of the Bankruptcy Code to cure a default under and compensate the non-debtor party to an executory contract or unexpired lease to be assumed under the Plan, is identified as the Cure Payment on **<u>Exhibit C</u>** (Schedule of Assumed Agreements) Unless the parties mutually agree to a different date, such payment shall be made in cash, in equal monthly payments over twelve (12) months following the later of: (i) the Effective Date and (ii) entry of a Final Order resolving any dispute regarding (a) the amount of any Cure Payment, (b) the ability of the Reorganized Debtor to provide "adequate assurance of future performance" within the meaning of Bankruptcy Code section 365 with respect to a contract or lease to be assumed, to the extent required, and/or (c) any other matter

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

pertaining to assumption.  Pending the Bankruptcy Court's ruling on any such dispute, the executory contract or unexpired lease at issue shall be deemed assumed by the Reorganized Debtor unless otherwise agreed by the parties or ordered by the Court.

**5.2.3.  Objections to Assumption/Cure Payment Amounts.**  Any entity that is a party to an executory contract or unexpired lease that will be assumed under the Plan and that objects to such assumption (including the proposed Cure Payment) must File with the Court and serve upon parties entitled to notice a written statement and supporting declaration stating the basis for its objection.  This statement and declaration must be Filed and served by the deadline fixed by the Court for such objection. Any entity that fails to timely File and serve such a statement and declaration will be deemed to waive any and all objections to the proposed assumption (including the proposed Cure Payment) of its contract or lease.  In the absence of a timely objection by an entity that is a party to an executory contract or unexpired lease, the Confirmation Order shall constitute a conclusive determination as to the amount of any cure and compensation due under the executory contract or unexpired lease, and that the Reorganized Debtor has demonstrated adequate assurance of future performance with respect to such executory contract or unexpired lease, to the extent required.

**5.2.4.  Resolution of Claims Relating to Assumed Contracts and Leases.**  Payment of the Cure Payment established under the Plan, by the Confirmation Order or by any other order of the Court, with respect to an assumed executory contract or unexpired lease, shall be deemed to satisfy, in full, any prepetition or postpetition arrearage or other Claim against the Debtor (including any asserted in a Filed proof of claim or listed in the Schedules) with respect to such contract or lease (irrespective of whether the Cure Payment is less than the amount set forth in such proof of Claim or the Schedules). Upon the tendering of the Cure Payment, any such Filed or scheduled Claim shall be disallowed, without further order of the Court or action by any party.

**5.3 Rejection of Executory Contracts and Unexpired Leases.**

**5.3.1.  Rejected Agreements.**  On the Effective Date, all executory contracts and unexpired leases that (i) have not been previously assumed or rejected and (ii) that are not set forth on **Exhibit B** or **Exhibit C**, shall be immediately deemed rejected.  The Confirmation Order will constitute a Court order approving the rejection, on the Effective Date, of the executory contracts and unexpired leases to be rejected under the Plan.

**5.3.2.  Bar Date for Rejection Damage Claims.**  Unless governed by a separate deadline as specified in an order of the Bankruptcy Court already entered in the Chapter 11 Case, any Rejection Damage Claim or other Claim against the Debtor for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served upon counsel to the Reorganized Debtor within 30 days after the mailing of notice of the occurrence of the Effective Date.  Any such Claims that are not timely Filed and served will be forever barred and unenforceable against the Debtor, the Reorganized Debtor, the Estate, and their respective property, and entities holding such Claims will be barred from receiving any distributions under the Plan on account of such untimely Claims.

## 6. MANNER OF DISTRIBUTION OF PROPERTY UNDER THE PLAN

**6.1. Manner of Payment Under the Plan.** Distributions of Cash to be made by the Debtor or the Reorganized Debtor pursuant to the Plan shall be made, at the discretion of the Debtor or the Reorganized Debtor, by check drawn on the Debtor's or the Reorganized Debtor's bank account or by wire transfer. The Reorganized Debtor may require that any party receiving a distribution first provide its tax identification number if so requested prior to any distribution being sent, and may withhold such distribution unless and until such information is provided.

**6.2. Whole Dollars.** Any other provision of the Plan to the contrary notwithstanding, no payments of cents will be made. Whenever any payment of cents would otherwise be called for, the actual payment may reflect a rounding of such fraction to the nearest whole dollar (up or down

**6.3. Unclaimed Distribution.** Holders of Allowed Claims shall have three (3) months from the check date to negotiate Distribution checks issued by the Debtor or the Reorganized Debtor under the terms of the Plan, otherwise payment on such checks may, at the Debtor's or the Reorganized Debtor's sole discretion, as applicable, be stopped and the funds shall revert to the Debtor or the Reorganized Debtor, as applicable, and shall be promptly distributed to either the Debtor or the Reorganized Debtor in accordance with section 347 of the Bankruptcy Code, and thus shall become property of the Reorganized Debtor. Any distributions returned to the Debtor or the Reorganized Debtor by the Claimant shall also be treated as unclaimed in accordance with this provision.

**6.4. Delivery of Distributions.**

**6.4.1. Record Date for Distributions.** On the Distribution Record Date, the Claims Register shall be closed and any Person responsible for making Distributions shall be authorized and entitled to recognize only those record Holders listed on the Claims Register as of the close of business on the Distribution Record Date. Notwithstanding the foregoing, if a Claim is transferred twenty or fewer days before the Distribution Record Date, the Reorganized Debtor shall make Distributions to the transferee only to the extent practical and in any event only if the relevant transfer forms contain an unconditional and explicit certification and waiver of any objection to the transfer by the transferor.

**6.4.2. Delivery of Distributions in General.** Except as otherwise provided in the Plan, and notwithstanding any authority to the contrary, Distributions to all Holders of Allowed Claims shall be made to Holders of record as of the Distribution Record Date by the Debtor or Reorganized Debtor: (a) In accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004; (b) To the signatory set forth on any of the Proofs of Claim Filed by such Holder or other representative identified therein (or at the last known addresses of such Holder if no Proof of Claim is Filed or if Debtor have been notified in writing of a change of address); (c) To the addresses set forth in any written notices of address changes delivered to Debtor after the date of any related Proof of Claim; (d) To the addresses reflected in the Schedules if no Proof of Claim has been Filed and the Debtor or Reorganized Debtor have not received a written notice of change of address; or (e) To any counsel that has appeared in the Chapter 11 Case on the Holder's behalf.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**6.5. Disputed Distributions.**  In the event of any dispute between or among Holders of Claims as to the right to any Holder of a Claim to receive or retain any Distribution to be made to such Holder under the Plan, the Debtor or Reorganized Debtor, in lieu of making such Distribution to such Holder, may make it instead into an escrow account for payment as ordered by the Bankruptcy Court or as the interested parties to such dispute may otherwise agree among themselves.  Any such Holder who fails to raise such dispute by filing an appropriate request for relief with the Bankruptcy Court prior to the issuance of such disputed Distribution by the Debtor or Reorganized Debtor shall be deemed to have forever waived any right to dispute such Distribution or to enjoin, impair or otherwise restrict the use of any such Distribution.

**6.6. Setoffs.**  The Debtor or Reorganized Debtor may, but shall not be required to, set-off against any Distributions to be made pursuant to the Plan to a Holder of an Allowed Claim, Claims of any nature whatsoever that Debtor may have, or may have had, against such Holder that have not been previously released, but neither the failure to do so, nor the allowance of any Claim held by such Holder shall constitute a waiver or release by the Debtor or Reorganized Debtor of any such Claim Debtor may have, or may have had, against such Holder.

**6.7. Withholding Taxes.**  The Debtor or Reorganized Debtor shall be entitled to deduct any applicable federal or state withholding taxes from any payments made with respect to Allowed Claims, as appropriate, and shall otherwise comply with section 346 of the Bankruptcy Code.

**6.8. Claims Paid or Payable by Third Parties.**

**6.8.1    Claims Paid by Third Parties.**   A Claim shall be reduced in full, and such Claim shall be disallowed without an objection to such Claim having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court, to the extent that the holder of such Claim receives payment in full on account of such Claim from a party that is not a Debtor or Reorganized Debtor.  To the extent a holder of a Claim receives a distribution on account of such Claim and receives payment from a party that is not a Debtor or a Reorganized Debtor on account of such Claim, such holder shall repay, return or deliver any distribution held by or transferred to the holder to the Reorganized Debtor to the extent the holder's total recovery on account of such Claim from the third party and under the Plan exceeds the amount of such Claim as of the date of any such distribution under the Plan.

**6.8.2    Claims Payable by Insurance Carriers.**   No distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Debtor's insurance policies until the Holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy.  To the extent that one or more of the Debtor's insurers agrees to satisfy in full or in part a Claim (if and to the extent adjudicated by a court of competent jurisdiction), then immediately upon such insurers' agreement, such Claim may be expunged to the extent of any agreed upon satisfaction on the Claims Register by the Reorganized Debtor without a Claims objection having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

**6.8.3    Applicability of Insurance Policies.**   Except as otherwise provided in the

Plan, distributions to Holders of Allowed Claims shall be in accordance with the provisions of any applicable insurance policy.  Nothing contained in the Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtor or any entity may hold against any other entity, including insurers under any policies of insurance, nor shall anything contained herein constitute or be deemed a waiver by such insurers of any defenses, including coverage defenses, held by such insurers.

      **6.8.4   Insured Claims.**    Notwithstanding anything to the contrary contained herein, to the extent the Debtor has insurance with respect to any Allowed General Unsecured Claim, the holder of such Allowed Claim shall (i) be paid from the proceeds of insurance to the extent that the Claim is insured, and (ii) to the extent not duplicative of (i), receive the treatment provided for in this Plan to the extent the applicable insurance policy does not provide coverage with respect to any portion of the Claim. Notwithstanding anything to the contrary in the Disclosure Statement, the Plan, the Plan Documents, the Plan Supplement, the Confirmation Order, any other document related to any of the foregoing or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening or grants an injunction or release in the Plan): (i) on the Effective Date, the Reorganized Debtor shall assume all insurance policies issued at any time to the Debtor, and all agreements related thereto (collectively, the "<u>Insurance Contracts</u>"); (ii) nothing in the Disclosure Statement, the Plan, the Plan Supplement or the Confirmation Order alters, modifies or otherwise amends the terms and conditions of (or the coverage provided by) any of the Insurance Contracts, except that as of the Effective Date, the Reorganized Debtor shall become and remain liable for all of the Debtor's obligations and liabilities thereunder regardless of whether such obligations and liabilities arise before or after the Effective Date; (iii) nothing in the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Order, any prepetition or administrative claim bar date order (or notice) or claim objection order alters or modifies the duty, if any, that the insurers or third party administrators have to pay claims covered by the Insurance Contracts and their right to seek payment or reimbursement from the Debtor (or after the Effective Date, the Reorganized Debtor) or draw on any collateral or security therefor; (iv) insurers and third party administrators shall not need to nor be required to file or serve a cure dispute or a request, application, claim, proof of claim or motion for payment and shall not be subject to the any Bar Date or similar deadline governing Cure Amounts or Claims; and (v) the automatic stay of section 362(a) of the Bankruptcy Code and the injunctions set forth in the Plan, if and to the extent applicable, shall be deemed lifted without further order of the Bankruptcy Court, solely to permit: (A) claimants with valid claims covered by any of the Insurance Contracts ("Insured Claims") to proceed with their claims; (B) insurers and/or third party administrators to administer, handle, defend, settle, and/or pay, in the ordinary course of business and without further order of the Bankruptcy Court, (1) all Insured Claims, and (2) all costs in relation to each of the foregoing; (C) the insurers and/or third party administrators to draw against any or all of any collateral or security provided by or on behalf of the Debtor (or the Reorganized Debtor, as applicable) at any time and to hold the proceeds thereof as security for the obligations of the Debtor (and the Reorganized Debtor, as applicable) to the applicable insurers and/or third party administrators and/or apply such proceeds to the obligations of the Debtor (and the Reorganized Debtor, as applicable) under the Insurance Contracts, in such order as the

applicable insurers and/or third party administrators may determine, but solely in accordance with the terms of such Insurance Contracts; and (D) the insurers and/or third party administrators to (1) cancel any policies under the Insurance Contracts, and (2) take other actions relating thereto, to the extent permissible under applicable non-bankruptcy law, each in accordance with the terms of the Insurance Contracts. For the avoidance of doubt, no holder of an Insured Claim that did not file a proof of claim prior to the applicable Bar Date (unless otherwise subject to an exception in the order governing Bar Dates) shall be deemed to have an Allowed Claim, against the Debtor arising from this provision.

**6.8.5   No Recourse.**   Except as specifically set forth herein, no recourse shall ever be had, directly or indirectly, against officer, director, agent, attorney, accountant or other Professional for the Reorganized Debtor, by legal or equitable proceedings or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking obligation, covenant or agreement whatsoever executed by the Reorganized Debtor under the Plan, or by reason of the creation of any indebtedness by the Reorganized Debtor under the Plan for any purpose authorized by the Plan, it being expressly understood and agreed that all such liabilities, covenants, and agreements of the Reorganized Debtor, whether in writing or otherwise, shall be enforceable only against and be satisfied only by the Reorganized Debtor and the Assets.

# 7.    PROCEDURES FOR RESOLVING DISPUTED CLAIMS

**7.1. Objection to and Resolution of Claims.**   Except as to applications for allowance of compensation and reimbursement of expenses under sections 330, 331 and/or 503 of the Bankruptcy Code, Debtor shall, on and after the Effective Date, have the exclusive right to make and file objections to Claims.   After the Effective Date, Reorganized Debtor shall have the authority to compromise, settle, otherwise resolve or withdraw any objections to any Claims and compromise, settle or otherwise resolve Disputed Claims without approval of the Bankruptcy Court.   Unless otherwise ordered by the Bankruptcy Court, the Debtor and, on and after the Effective Date, the Reorganized Debtor, shall file all objections to Claims that are the subject of Proofs of Claim or requests for payment filed with the Bankruptcy Court (other than applications for allowances of compensation and reimbursement of expenses with respect to Professional Fee Claims) and serve such objections upon the Holder of the Claim as to which the objection is made as soon as is practicable, but in no event later than the Claim Objection Deadline.

**7.2. Payments.**   Payments and Distributions to each Holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provision of the Plan with respect to the Class of Creditors to which the respective Holder of an Allowed Claim belongs.

**7.3. Contingent Claims.**   Until such time as a contingent Claim or a contingent portion of an Allowed Claim becomes fixed or absolute or is Disallowed, such Claim will be treated as a Disputed Claim for all purposes related to Distributions under the Plan.   The Holder of a contingent Claim will only be entitled to a Distribution under the Plan when and if such contingent Claim becomes an Allowed Claim.

**7.4. Estimation of Claims.**   Debtor shall be permitted, at any time, to request that the

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether Debtor previously had objected to such Claim or whether the Bankruptcy Court had ruled on such objection, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during any litigation concerning any objection to such Claim, including during the pendency of any appeal relating to such objection. In the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If such estimated amount constitutes a maximum limitation on the amount of such Claim, Debtor may elect to pursue any supplemental proceedings to object to the allowance of such Claim.

## 8.   RESERVATION OF RIGHTS

**8.1. Withdrawal of Plan; Rights if Plan Not Confirmed; Effective Date Does Not Occur.**  Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date and to File subsequent plans of reorganization. If Debtor revokes or withdraws the Plan, or if Confirmation of the Plan or the Effective Date does not ultimately occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Class of Claims), assumption or rejection of Executory Contracts or Unexpired Leases affected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against the Debtor or any Person; (b) prejudice in any manner the rights of the Debtor or any other Person in any further proceedings involving the Debtor; or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtor or any other Person.

**8.2. No Admissions or Waiver.**  Without limiting the generality of any similar provision in the Plan, notwithstanding anything in the Plan to the contrary, nothing contained in the Plan or in the Disclosure Statement shall be deemed an admission by the Debtor or any Person with respect to any matter set forth herein. If Confirmation of the Plan or the Effective Date does not ultimately occur, no statement contained in the Plan or in the Disclosure Statement may be used or relied on in any manner in any suit, action, proceeding or controversy within or outside of the Chapter 11 Case against the Debtor. The Debtor reserves any and all of their rights as against all Persons and Entities in the event Confirmation of the Plan or the Effective Date does not ultimately occur.

**8.3. Term of Bankruptcy Injunction or Stays.**  All injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date unless the Bankruptcy Court shall order otherwise.

## 9.   CONDITIONS PRECEDENT TO CONFIRMATION AND THE EFFECTIVE DATE

**9.1. Conditions to Confirmation.**  As a condition precedent to the Confirmation of the Plan, the Plan, Plan Supplement, Disclosure Statement (including, with respect to any amendments, modifications, supplements and exhibits thereto related to the foregoing), and the Confirmation Order shall be in form and substance reasonably acceptable to the Debtor.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**9.2. Conditions to Occurrence of Effective Date.**   The following are conditions precedent to the occurrence of the Effective Date:

**9.2.1.**   The Confirmation Order shall be entered and a Final Order, except that the Debtor reserves the right to cause the Effective Date to occur notwithstanding the pendency of an appeal of the Confirmation Order, so long as the Confirmation Order has not been stayed and the Indenture Trustee consents in writing;

**9.2.2.**   No request for revocation of the Confirmation Order under section 1144 of the Bankruptcy Code shall have been made, or, if made, shall remain pending, including any appeal;

**9.2.3.**   All documents necessary to implement the transactions contemplated by the Plan, including without limitation the Amended and Restated Bondholder Documents, shall be in form and substance reasonably acceptable to the Debtor and the Indenture Trustee; and

**9.2.4.**   Sufficient Cash and other assets are set aside, reserved and withheld to make the distributions required by the Bankruptcy Code and the Plan.

**9.3. Waiver of Conditions.**   The conditions to Confirmation of the Plan and to the Effective Date of the Plan set forth in this Article 9 may be waived only by consent of the Debtor and the Indenture Trustee without notice, leave, or order of the Bankruptcy Court or any formal action other than proceedings to confirm or consummate the Plan, subject to the terms of the Bankruptcy Code and the Bankruptcy Rules.

**9.4. Substantial Consummation.**   "Substantial consummation" of the Plan, as defined by section 1102(2) of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

**9.5. Effect of Non-Occurrence of Conditions to the Effective Date.**   If the Effective Date does not occur, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall: (1) constitute a waiver or release of any Claims by or Claims against the Debtor; (2) prejudice in any manner the rights of the Debtor, any Holders of a Claim or any other entity; or (3) constitute an admission, acknowledgment, offer, or undertaking by the Debtor, any Holders, or any other entity in any respect.

## 10.   EFFECT OF CONFIRMATION OF PLAN

**10.1. Discharge.  The rights afforded in the Plan and the treatment of all Claims shall be in exchange for and in complete satisfaction, discharge, and release of all Claims of any nature whatsoever arising prior to the Effective Date against the Debtor and the Estate, including any interest accrued on such Claims from and after the Petition Date.**

**10.2. Binding Effect of Plan/Injunction.  Upon the Effective Date, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by section 1141(a) of the Bankruptcy Code.  In accordance with section 1141 of the Bankruptcy Code, and except as otherwise provided in this Plan, all of the Debtor's property shall be vested in accordance with this Plan free and clear of all Claims, Liens and interests of Creditors.  Upon the Effective Date,**

except as provided in the Plan, all Persons shall be permanently enjoined by the Plan from (i) commencing or continuing any action, employing any process, asserting or undertaking an act to collect, recover, or offset, directly or indirectly, any Claim, rights, Causes of Action, liabilities, or interests in or against any property distributed or to be distributed under the Plan, or vested in the Reorganized Debtor, based upon any act, omission, transaction, or other activity that occurred before the Effective Date, (ii) creating, perfecting or enforcing any lien or encumbrance against any property distributed or to be distributed under the Plan other than as permitted under the Plan, and (iii) without limiting the generality of the foregoing, asserting any Claims against the Reorganized Debtor based on successor liability or similar or related theory, except to the extent a Person holds an Allowed Claim under the Plan and is entitled to a distribution and/or Lien under the Plan in accordance with its terms, and to enforce its rights to distribution under the Plan.  On and after the Effective Date, each Holder of any Claim against the Debtor is permanently enjoined from taking or participating in any action that would interfere or otherwise hinder the Debtor or the Reorganized Debtor from implementing the Plan, the Confirmation Order or any Exhibits or operative documents in accordance with the terms thereof.

10.3. **Exculpation.**  The Exculpated Parties shall not have or incur any liability to any Holder of a Claim against the Debtor, or any other party-in-interest, or their successors or assigns, for any act, omission, transaction or other occurrence in connection with, relating to, or arising out of the Chapter 11 Case, the pursuit of confirmation of the Plan, or the consummation of the Plan, except and solely to the extent such liability is based on fraud, gross negligence or willful misconduct.  The Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to any of their duties and responsibilities under the Plan or in the context of the Chapter 11 Case.  No Holder of a Claim against the Debtor, or any other party-in-interest, including their respective representatives, shall have any right of action against the Exculpated Parties, for any act, omission, transaction or other occurrence arising in or out of the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan, except to the extent arising from fraud, gross negligence or willful misconduct.  Nothing in this Section shall be deemed:  (a) an exculpation of the Exculpated Parties for any acts, omissions, transactions, events or other occurrences taking place after the Effective Date, unless they were done pursuant to, consistent with, in accordance with, and in effectuation of the Plan; (b) an exculpation of any of the Litigation Claims or the parties listed on **Exhibit D**.

10.4. **Injunctions.**

10.4.1. **Injunction Protecting Exculpation.**  All Holders of Claims against the Debtor and any other parties-in-interest, along with any of their present or former members, directors, officers, managers, employees, advisors, attorneys or agents, and any of their successors or assigns, are permanently enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind against Reorganized Debtor or the Exculpated Parties in respect of any potential liability for which exculpation is granted pursuant to the Plan, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Reorganized Debtor or the Exculpated Parties for which exculpation is granted

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

28

pursuant to the Plan, or (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against the Reorganized Debtor or the Exculpated Parties in respect of any potential liability for which exculpation is granted pursuant to the Plan. For the avoidance of doubt, nothing contained herein shall preclude any Holder or other party-in-interest from exercising its rights pursuant to and consistent with the terms of the Plan.

**10.4.2. Injunction Against Interference With Plan.** Upon the Effective Date, all Holders of Claims against the Debtor and their respective present or former members, directors, officers, managers, employees, advisors, attorneys or agents, and any of their successors or assigns, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

**10.5. Judgments Void.** Any judgment obtained before or after the Effective Date in any court other than the Bankruptcy Court shall be null and void as a determination of liability of the Debtor with respect to any debt treated by the Plan.

**10.6. No Limitation on Effect of Confirmation.** Nothing contained in the Plan or the Disclosure Statement will limit, waive or restrict in any way the effect of Confirmation as set forth in section 1141 of the Bankruptcy Code. Confirmation will bind the Debtor, all Creditors and other parties in interest to the provisions of the Plan, whether or not the Claim of such Creditor is Impaired under the Plan and whether or not such Creditor has accepted the Plan and whether or not a proof of Claim has been filed or deemed to have been filed under sections 501 or 1111(a) of the Bankruptcy Code, or such Claim is Allowed under section 502 of the Bankruptcy Code.

## 11. RETENTION OF JURISDICTION

**11.1. Retention of Jurisdiction.** Except to the extent otherwise expressly set forth herein, the Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case following the Confirmation Date for the following purposes, it being expressly intended that such retention of jurisdiction shall in all cases hereafter set forth, extend to any actions or proceedings commenced prior or subsequent to the Confirmation Date and/or the Effective Date whether by the Debtor or the Reorganized Debtor, as applicable, or the parties specified herein:

**11.1.1.** To hear and determine any objections to the allowance of Claims, including any objections by the Debtor or Reorganized Debtor with respect to any Claims which have been reinstated or assumed in accordance with the terms of the Plan;

**11.1.2.** To determine any and all applications for compensation for any Professionals and similar fees to the extent made specifically subject to a hearing under the Plan and applicable provisions of the Bankruptcy Code;

**11.1.3.** To determine any and all applications for the rejection or assumption and assignment of Executory Contracts or for the rejection or assumption and assignment, as the case may be, of Unexpired Leases to which the Debtor is a party or with respect to which it may be liable, and to hear and determine, and if need be to liquidate, any and all Claims arising therefrom;

**11.1.4.** To modify the Plan pursuant to section 1127 of the Bankruptcy Code or to

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

**11.1.5.** To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

**11.1.6.** To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Bankruptcy Court entered in the Chapter 11 Case;

**11.1.7.** To adjudicate all controversies concerning the classification of any Claim;

**11.1.8.** To liquidate damages in connection with any disputed, contingent or unliquidated Claim;

**11.1.9.** To adjudicate all Claims to a security or ownership interest in any of the Assets, or in any proceeds thereof;

**11.1.10.** To adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor;

**11.1.11.** To determine all questions and disputes regarding recovery of and entitlement to any property of the Debtor, or in any proceeds thereof;

**11.1.12.** To adjudicate all Litigation Claims with respect to which the Debtor is a party, whether or not such claim or controversy is raised or filed before or after the Effective Date;

**11.1.13.** To determine issues and disputes concerning entitlement to Distributions to be made under and pursuant to the Plan;

**11.1.14.** To enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor's limitations, restrictions, terms and conditions on such title, rights and powers as the Bankruptcy Court may deem necessary or appropriate;

**11.1.15.** To determine such other matters as may be provided for in the Confirmation Order and the Plan, or as may from time to time be authorized under the provisions of the Bankruptcy Code or any other applicable law;

**11.1.16.** To enter a Final Decree closing the Chapter 11 Case;

**11.1.17.** To enforce the provisions of any Administrative Claim Bar Date;

**11.1.18.** To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, clarifying or enforcing the provisions thereof; and

**11.1.19.** Without limiting the generality of any of the foregoing, to hear and determine matters concerning state, local, and federal taxes in accordance with sections 345, 505, and 1146 of the Bankruptcy Code.

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

**11.2. Jurisdiction Unaffected.**  The occurrence of the Effective Date and/or the entry of a Final Decree shall not divest the Bankruptcy Court of any jurisdiction otherwise retained under this Article 11 or the Confirmation Order.

**11.3. Failure of Bankruptcy Court to Exercise Jurisdiction.**  If the Bankruptcy Court abstains from exercising or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter arising under, arising in or related to the Bankruptcy Case, including any of the matters set forth in the Plan, the Plan shall not prohibit or limit the exercise of jurisdiction by any other court of competent jurisdiction with respect to such matter.

## 12.    MISCELLANEOUS PROVISIONS

### 12.1. Modification of the Plan.

**12.1.1**  Debtor may alter, amend or modify the Plan at any time before the entry of the Confirmation Order, provided that the Plan, as altered, amended or modified, satisfies the conditions of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor shall have complied with section 1125 of the Bankruptcy Code.  However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan if the Debtor modifies the Plan before Confirmation.

**12.1.2**  Debtor may also seek to alter, amend or modify the Plan at any time after Confirmation so long as (i) the Plan has not been substantially consummated, (ii) as altered, amended or modified the Plan satisfies the conditions of section 1122 and 1123 of the Bankruptcy Code, and (iii) the Bankruptcy Court authorizes the proposed modification after notice and a hearing under section 1129 of the Bankruptcy Code.

**12.1.3**  A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not adversely change the treatment of the Claim of such Holder. Prior the Effective Date, the Debtor may make appropriate technical non-material modifications to the Plan or the Disclosure Statement without further order or approval of the Bankruptcy Court, provided that such technical modifications do not adversely affect the treatment of Holders of Claims.

**12.1.4**  Debtor further reserves the right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other Creditors are materially adversely affected.

**12.1.5**  Subject to Section 12.1.3, the Debtor reserves the right, in accordance with the Bankruptcy Code, to amend, amend or modify the Plan before or after the Confirmation Date, including making any amendments or modifications to satisfy the requirements of section 1129(b) of the Bankruptcy Code, if necessary.

**12.2. Notices.** Except as otherwise set forth below, all notices, requests, elections or demands in connection with the Plan, including any change of address of any Holder of a Claim for the purposes of receiving any Distributions under the Plan, shall be in writing and shall be delivered personally, by facsimile, electronic mail or overnight courier (confirmed by first class

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

mail or express mail) or mailed by first class mail. Such notice shall be deemed to have been given when received or, if mailed by first class mail, five (5) Business Days after the date of mailing, or if express mailed, the next Business Day following the date of mailing and addressed to the following:

| | |
|---|---|
| If to Debtor: | Goodwill Industries of Southern Nevada, Inc. |
| | Attn: Chief Executive Officer |
| | 1280 W. Cheyenne Blvd. |
| | North Las Vegas, Nevada 89030 |
| | |
| With a Copy to: | Larson Zirzow & Kaplan, LLC |
| | Attn: Matthew C. Zirzow, Esq. |
| | 850 E. Bonneville Ave. |
| | Las Vegas, Nevada 89101 |
| | E-mail: mzirzow@lzklegal.com |

All notices and requests to Holders of Claims of any Class shall be sent to them at their known address. Any Holder of a Claim of any Class may designate in writing any other address for purposes of this Section, which designation shall be effective upon receipt.

**12.3. Headings.** The headings used in the Plan are inserted for convenience only and do not constitute a portion of the Plan nor in any manner affect the provisions of the Plan.

**12.4. Nonseverability of Plan Provisions.** If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power, at the request of Debtor and subject to the consent of any party adversely affected thereby, to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, Impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the consent of Debtor and any other Person affected by such provision; and (c) nonseverable and mutually dependent.

**12.5. Waiver or Estoppel.** Each Holder of a Claim shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, Secured or not subordinated by virtue of an agreement made with Debtor or its counsel, or any other Person, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers Filed with the Bankruptcy Court prior to the Confirmation Date.

**12.6. Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any contract, instrument, release or other agreement entered into in connection with the Plan or in any document which remains unaltered by the Plan, the

rights, duties and obligations of Debtor and any other Person arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Nevada without giving effect to Nevada's choice of law provisions.

**12.7. Successors and Assigns.** The rights and obligations of any Person named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such Person.

**12.8. Cramdown.** In the event that any Impaired Class is determined to have rejected the Plan in accordance with section 1126 of the Bankruptcy Code, the Debtor may invoke the provisions of section 1129(b) of the Bankruptcy Code to satisfy the requirements for confirmation of the Plan. The Debtor reserves the right to modify the Plan to the extent, if any, that Confirmation pursuant to section 1129(b) of the Bankruptcy Code requires modification.

**12.9. Fees and Reporting to the United States Trustee.** Prior to the Effective Date, the Debtor, and after the Effective Date, the Reorganized Debtor, are obligated to pay the Office of the U.S. Trustee U.S. Trustee Fees. All U.S. Trustee Fees that accrue prior to Confirmation of the Plan will be paid on or before the Effective Date pursuant to section 1129(a)(12) of the Bankruptcy Code. All U.S. Trustee Fees accruing post-confirmation are due on a calendar quarter basis and will be reported on post-confirmation operating reports as required by the U.S. Trustee Guidelines.

**12.10. Post Confirmation Reports and Quarterly Fees.** Until the entry of the final decree, the Debtor shall File, not later than twenty (20) days after the end of the calendar quarter which occurs after the entry of the Confirmation Order, and every three (3) months thereafter, a report of the action taken by the Reorganized Debtor and the progress made toward consummation of the confirmed Plan. U.S. Trustee Fees continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to Final Decree.

**12.11. Entire Agreement.** The Plan sets forth the entire agreement and understanding of the parties hereto relating to the subject matter hereof and supersede all prior discussions and documents. No party hereto shall be bound by any terms, conditions, definitions, warrants, understandings or representations with respect to the subject matter hereof, other than as in expressly provided for herein or as may hereafter be agreed by the parties in writing.

[Rest of page intentionally left blank]

LARSON ZIRZOW & KAPLAN, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

Dated: February 19, 2019.

GOODWILL INDUSTRIES OF
SOUTHERN NEVADA, INC.
a Nevada non-profit corporation:

By:     /s/ John Helderman
        John Helderman, Chief Executive Officer

Prepared and Submitted:

By:   /s/ Matthew C. Zirzow
LARSON ZIRZOW & KAPLAN, LLC
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

Attorneys for Debtor

34

# EXHIBIT A

**EXHIBIT A**

**LIST OF OFFICERS AND DIRECTORS**

| Name | Position |
|------|----------|
| John Helderman | Chief Executive Officer & President |
| Dr. Nancy Brune | Secretary & Director |
| Bill Paredes | Treasurer & Director |
| John Stoddard | Chief Operating Officer |
| Ken Jones | Chief Financial Officer |
| Terri Conway | Chief Culture & Missions Officer |
| Brian Dziminski | Chairman & Director |
| George Garcia | Vice Chairman & Director |
| Dr. Nancy Alamo | Director |
| John Bentham | Director |
| Lainie Castle | Director |
| Joshua R. Dobbins | Director |
| Ted Giza | Director |
| Chris Higgins | Director |
| Eric James | Director |
| Penny Mendlovic | Director |
| Jerome Schmitz | Director |
| Roger Wagner | Director |
| Frank Woodbeck | Director |
| Mike Zimmer | Director |

# EXHIBIT B

**EXHIBIT B**

**LIST OF CONTRACTS AND LEASES ASSUMED PURSUANT TO PREVIOUS COURT ORDER**

| Landlord or Counterparty | Abbreviated Identifier | Contract or Agreement Assumed | ECF No. of Motion and/or Stipulation | ECF No. of Approval Order | Date Approval Order Entered |
|---|---|---|---|---|---|
| Beltway Marketplace, LLC | Eastern & Serene (Thrift Store & Donation Center) | Second Amendment to Lease Agreement dated as of December 29, 2017 (and prior agreements as incorporated therein) - 9230 S. Eastern Ave., Suites 130-150, Las Vegas, NV 89123 | 288 | 330 | 1/24/18 |
| Boulevard Ventures, LLC | Boulevard Mall (Maryland & Twain - Thrift Store & Career Center) | Cure Stipulation effective as of March 1, 2018 and associated Retail Lease dated April 3, 2016 (as amended) - 3700 S. Maryland Pkwy., Suite 520B/526, Las Vegas, Nevada 89069 | 399 and 423 | 439 | 4/16/18 |
| Brixton-Alto Rainbow, LLC | Rainbow & Alta (Thrift Store, Donation Center & Veteran Integration Program) | Lease dated March 20, 2013 (as amended) - 741 S. Rainbow Blvd., Las Vegas, NV 89145 | 399 | 439 | 4/16/18 |
| Center Point Plaza, LLC | Charleston & Town Center (Deja Blue Boutique) | Second Amendment to Lease Agreement dated as of February 28, 2018 (and prior agreements as incorporated therein) - 10300 W. Charleston Blvd., Suite 1, Las Vegas, NV 89135 | 384 | 443 | 4/16/18 |

1

| Landlord or Counterparty | Abbreviated Identifier | Contract or Agreement Assumed | ECF No. of Motion and/or Stipulation | ECF No. of Approval Order | Date Approval Order Entered |
|---|---|---|---|---|---|
| Derhake Capital, LLC | Boulder Highway & Horizon (Thrift Store & Donation Center) | First Amendment to Lease Agreement dated as of December 1, 2017 (and prior agreements as incorporated therein) - 1461 S. Boulder Highway, Henderson, NV 89015 | 254 | 271 | 12/28/17 |
| Floyd's Construction | Pahrump - Loop & Carlton (Thrift Store & Donation Center) | Amendment to Lease Agreement dated as of September 18, 2017 (and prior agreements as incorporated therein) - 1201 S. Loop Rd., 70 S. Highway 160, Pahrump, NV 89048 | 130 | 174 | 10/3/17 |
| Goodwill Industries International, Inc. | Goodwill International | Member Agreement dated August 15, 2002 (as amended), and Repayment Agreement effective as of January 1, 2018 | 315 | 362 | 2/14/18 |
| GW HN, LLC | Stephanie & American Pacific (Thrift Store & Donation Center) | Third Amendment to Lease Agreement dated as of May 22, 2018 (and prior agreements as incorporated therein) - 1390 American Pacific Dr., Henderson, NV 89074 | 457 | 471 | 6/28/18 |
| KTR LV Loan II, LLC | Dean Martin & Warm Springs (Goodwill Clearance Center) | Third Amendment to Lease Agreement dated October 12, 2018 (and prior agreements as incorporated therein) - 7570 Dean Martin Drive, Las Vegas, NV 89103 | 510 and 518 | 525 | 10/30/18 |
| Landmark Realty (Cheyenne), LLC | Cheyenne & MLK (Corporate Office & Clearance Center) | Fourth Amendment to Lease Agreement dated as of October 27, 2017 (and prior agreements as incorporated therein) - 1280 W. Cheyenne Ave., North Las Vegas, NV 89030 | 218 | 243 | 11/27/17 |

2

| Landlord or Counterparty | Abbreviated Identifier | Contract or Agreement Assumed | ECF No. of Motion and/or Stipulation | ECF No. of Approval Order | Date Approval Order Entered |
|---|---|---|---|---|---|
| Longs Drugs California, L.L.C. | Fort Apache & Flamingo (Thrift Store & Donation Center) | Cure Stipulation effective as of March 15, 2018 and associated Sublease dated as of February 8, 2012 (as amended) - 9385 W. Flamingo Rd., Las Vegas, NV 89147 | 399 and 431 | 439 | 4/16/18 |
| LV Sahara, LLC and LV Crossing, LLC | Sahara & Decatur (Thrift Store & Donation Center) | Cure Stipulation effective as of March 8, 2018 and associated Lease dated November 16, 2011 (as amended) - 4850 W. Sahara Ave., Las Vegas, NV 89102 | 399 and 422 | 439 | 4/16/18 |
| MAPA Investments, LLC | Mardon & Rainbow (Thrift Store & Donation Center) | Second Amendment to Lease Agreement dated as of January 5, 2018 (and prior agreements as incorporated therein) - 7420 S. Rainbow Blvd., Las Vegas, NV 89139 | 284 | 329 | 1/24/18 |
| Metro Trailer Leasing, Inc. | Metro Trailer | Cure Stipulation effective as of March 20, 2018 and associated Equipment Leases (Trailers) of Various Dates | 454 | 477 | 7/6/18 |
| SCP Tropicana, LLC | Tropicana & Pecos (One Stop Affiliate East) | Second Amendment to Lease Agreement dated as of January 1, 2018 (and prior agreements as incorporated therein) - 3345 E. Tropicana Ave., Las Vegas, NV 89121 | 299 | 356 | 2/9/18 |
| TBM Properties, LLC and Capital Commercial Holdings, LLC | Nellis & Stewart (Thrift Store & Donation Center) | Second Amendment to Lease Agreement dated as of December 28, 2017 (and prior agreements as incorporated therein) - 348 N. Nellis Blvd., Suite K, Las Vegas, NV 89110 | 272 | 328 | 1/24/18 |

3

# EXHIBIT C

**EXHIBIT C**

**LIST OF OTHER ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

| | Name of Counterparty | Description of Agreement | Cure Claim |
|---|---|---|---|
| 1. | Ahern Rentals, Inc. | Forklift rental contract numbers 18724733, 18724751, and 18724829, all dated February 27, 2018 | $0 |
| 2. | Alarmco, Inc. | Security System Installation & Monitoring Agreements for each of GSN's stores and other facilities (various dates of execution) | $0 |
| 3. | Anthem Station, LLC | Attended Donation Center License Agreement - Sun City Anthem Dr. & Bicentennial Pkwy. located in the parking lot at 2910 Bicentennial Pkwy., Henderson, NV 89044 | $0 |
| 4. | Aurico Reports, Inc. | Regulatory Compliance Agreement dated December 19, 2014 | $0 |
| 5. | Beazley Group | Cyber Liability insurance (Policy # WID91A180201), effective May 1, 2018 through May 1, 2019 | $0 |
| 6. | CFT NV Developments, LLC | Attended Donation Center Contract - Deer Springs Way & 5th St. located in the parking lot at 6650 N. 5th St., North Las Vegas, NV 89084 | $0 |
| 7. | City of Las Vegas | Attended Donation Center License Agreement - Pavillion Center Dr. & Alta Dr. located in the parking lot of the Veterans Memorial Leisure Center at 101 N. Pavillion Center Dr., Las Vegas, NV 89144 | $0 |

1

| | Name of Counterparty | Description of Agreement | Cure Claim |
|---|---|---|---|
| 8. | Communities in Schools (Southern Nevada) | CIS of Southern Nevada Partnership Agreement to collaborate to provide supervised training experiences and other services for students and their families, signed 10/29/2014 | $0 |
| 9. | Court Programs Office of the North Las Vegas Municipal Court | Memorandum of Understanding to facilitate GSN as a partner for offenders sentenced to community service, dated October 17, 2006 | $0 |
| 10. | Cox Communications, Inc. | Commercial Services Agreements to provide telephone and data services for each of GSN's locations (various dates of execution) using account #119135301, 11913550 1, 119135601, 119138001, 119673501, 121815401, 122481301, 122628801, 123558701, 124343701, 125247301, 125659901, 126798601, 126799001, 126799101, 126799201, 126799301, 126799401, 126799501, 126799601, 126799701, 126800201, 126865501, 127162701, 127394101, 127708301, 128166201, 128561201, 079879301, 081873002, 086869301, 100102501, 119135301 effective date range from 8/29/2011 to 6/5/2017 | $0 |
| 11. | Datatech Corporation | Agreement for point of sale system support, beginning May 2011 | $0 |
| 12. | Farm Capital Management, LLC | Attended Donation Center Contract - Farm Rd. & Durango Dr. located in the parking lot at 8410 Farm Rd., Las Vegas, NV 89131 | $0 |
| 13. | FedEx Corporation | FedEx Pricing Agreement Number 3950728 signed March 3, 2015 | $0 |
| 14. | First Class Vending | Vending Service Agreement beginning November 19, 2018 | $0 |
| 15. | Goodwill of Central and Northern Arizona | Agreement for the use of GCNA's ROBarT system for labeling and tagging inventory and back-end reporting; dated November 1, 2018 | $0 |

2

| | Name of Counterparty | Description of Agreement | Cure Claim |
|---|---|---|---|
| 16. | Great American Insurance Company | Insurance policies for: Property, Liability, Equipment and Crime (Policy # PAC47887804); Automobile (Policy # CAP47887903); and Umbrella Liability (Policy # UMB47887804), all effective May 1, 2018 through May 1, 2019 | $0 |
| 17. | Health Plan of Nevada | Medical insurance (Policy # 50500943), effective July 1, 2018 through June 30, 2019 | $0 |
| 18. | HELP of Southern Nevada | CAS Coordinator Cooperative Agreement signed January 29, 2013 | $0 |
| 19. | iDrive Logistics | iDrive Logistics USPS Pricing Agreement signed September 23, 2015 | $0 |
| 20. | Infinisource, Inc. | iSolved – Human Capital Management Service Agreement signed April 5, 2017 | $0 |
| 21. | In-Store Radio, LLC | Service Agreement to provide music and marketing programming and the associated equipment at GSN's locations, dated July 26, 2013 | $0 |
| 22. | Intuit Inc. | Quickbooks accounting software agreement, License number 7462-6585-9248-684 effective June 30, 2017 | $0 |
| 23. | JanTec, Inc. | Employee Services Contract Agreement to perform Staffing Services for participants in GSN's Mission work experience programs, dated October 12, 2016. | $0 |
| 24. | Lamar Advertising Company | Contract # 3088833 for outdoor advertising services, dated October 8, 2018 | $0 |

3

| | Name of Counterparty | Description of Agreement | Cure Claim |
|---|---|---|---|
| 25. | Lincoln Financial Group | Insurance policies for: Group Life and AD&D (Policy # 4000010001 8454); Group Voluntary Life and AD&D (Policy # 01-0205760); Group Voluntary Critical Illness (Policy # 00040500 3944-00000); Group Voluntary Accident (Policy # 0004040317 8-00000); and Group Voluntary Short Term Disability (Policy # 010192354), all effective July 1, 2018 through June 30, 2019 | $0 |
| 26. | Network Design Solutions, LLC | Network consulting and support agreement, beginning May 2011 | $0 |
| 27. | Nevada Department of Employment Training and Rehabilitation, Rehabilitation Division – Bureau of Vocational Rehabilitation | Service Agreement, Statewide Contract Number 99SWC-NV18-618, effective from July 1, 2018 through June 30, 2022 | $0 |
| 28. | Nevada Department of Health & Human Services, Division of Welfare and Supportive Services, Employment and Supportive Services Unit | Community Work Experience Program Agreement dated November 6, 2013 | $0 |
| 29. | Nevada Retail Network (Pro Group Management) | Workers' Compensation and Employers Liability Coverage agreement, signed January 26, 2018 (Member Number NRN4863) | $0 |
| 30. | O & O Enterprises, LLC | Attended Donation Center License Agreement - Southern Highlands Pkwy. & Cactus Ave. located in the parking lot at 10600 Southern Highlands Pkwy., Las Vegas, NV 89141 | $0 |
| 31. | Pahrump Justice Court | Memorandum of Understanding to facilitate GSN as a partner for offenders sentenced to community service, dated June 26, 2013 | $0 |
| 32. | PayPal Holdings, Inc. | Agreement for online payment processing services | $0 |

4

| | Name of Counterparty | Description of Agreement | Cure Claim |
|---|---|---|---|
| 33. | Pitbull Pest Control, Inc. | Purchase Agreement effective August 21, 2018 to provide pest control services for GSN's facilities | $0 |
| 34. | Republic Services, Inc. | Customer Service Agreements numbered A183750574 and A81342314, both dated November 1, 2018 | $0 |
| 35. | Ricoh USA, Inc. | U.S. Communities Master Lease Agreement and associated Product Schedules (with various dates of execution) for printing and copying equipment at each of GSN's locations contract #4132872, 3665409, 4062753, 4132872, 4164668, 4230825, 4230831, 4281779, 4347623, 4386741 effective date range from 7/1/2014 to 12/1/2016 | $0 |
| 36. | RSUI Indemnity Company | Executive Package insurance (Policy # NHP676597), effective May 1, 2018 through May 1, 2019 | $0 |
| 37. | Sage Commercial Advisors, LLC | Exclusive Representation Agreement for commercial real estate brokerage services, signed February 5, 2018 | $0 |
| 38. | Sectran Armored Inc. | Armored Service Agreement for secure pick-up and other services, dated October 13, 2017 | $0 |
| 39. | Southland Industries | Contracts for Automatic Fire Alarm System Inspection/Testing for Goodwill's locations at Centennial/Durango, Silverado Ranch, and Stephanie/American Pacific, dated November 12, 2018 | $0 |
| 40. | Southland Industries | Contract for Back Flow Inspection/Testing dated November 28, 2018 | $0 |
| 41. | Southland Industries | Contract for Fire Extinguisher Inspection/Testing dated November 12, 2018 | $0 |

5

| | Name of Counterparty | Description of Agreement | Cure Claim |
|---|---|---|---|
| 42. | Southland Industries | Contracts for Automatic Fire Sprinkler System Inspection/Testing for various Goodwill locations, all dated November 12, 2018 | $0 |
| 43. | Sprint Corporation | Mobile phone and data services, account #22364819 0 effective June 1, 2017 | $0 |
| 44. | Stripe, Inc. | Agreement for credit card processing services | $0 |
| 45. | TALX Corporation | Universal Service Agreement, Number 7132, to provide employment and payroll related services to GSN with an effective date of January 1, 2009, as amended effective January 1, 2015 | $0 |
| 46. | ThyssenKrupp Elevator Corp. | Gold Full Maintenance Elevator Service Agreement (Customer 78273) | $0 |
| 47. | Trosper Communications, LLC | Professional Services Agreement to provide public relation services, dated October 1, 2018 | $0 |
| 48. | United Healthcare | Dental and Vision insurance (Policy # 905398), effective July 1, 2018 – June 30, 2019 | $0 |
| 49. | United States Department of Labor | Goodwill NV – Trade and Economic Transition Dislocated Worker Grant (DWG); Grant Number DW-32563-18-60-A-32; from October 1, 2018 – September 30, 2020 | $0 |
| 50. | Verizon Communications, Inc. | Broadband data services, account #74204047 8, effective April 1, 2014 | $0 |
| 51. | Villa La Paloma, LLC | Attended Donation Center Contract - Eastern Ave. & Horizon Ridge Dr. located in the parking lot at 2650 W. Horizon Ridge Dr., Henderson, NV 89052 | $0 |

6

| | Name of Counterparty | Description of Agreement | Cure Claim |
|---|---|---|---|
| 52. | Workforce Connections | Cost Reimbursement Sub-award Agreement, Sub-Award No. WC-16-GSN-AS-YTH-Y3-00, CFDA No. 17.259, effective July 1, 2018 through June 30, 2019 | $0 |
| 53. | Worldpay, Inc. | Agreement for credit card processing services; Merchant Identification Numbers M90425 & M49179, effective July 26, 2017 | $0 |

7

# EXHIBIT D

**EXHIBIT D**

**SCHEDULE OF LITIGATION CLAIMS**

All defined terms used herein shall have the meanings set forth in the Plan.  The following is a non-exhaustive list of potential parties against whom the Debtor or the Reorganized Debtor, as applicable, may hold Litigation Claims.  The Debtor and Reorganized Debtor reserve the right to modify this list to amend or add parties or causes of action, but disclaim any obligation to do so.  The Debtor or the Reorganized Debtor, as applicable, reserves the right to enforce, sue on, settle, or compromise (or decline to do any of the foregoing) the Litigation Claims listed below and all other claims and Causes of Action.  For the avoidance of doubt, the following Litigation Claims held by the Debtor are expressly reserved and retained:

1.      All actions relating to any tax refunds due and owing to the Debtor, or otherwise related thereto.

2.      Avoidance Actions and Litigation Claims arising out of or in connection with the Debtor's business, property, or operations.

3.      Avoidance Actions and Litigation Claims arising out of transactions involving, concerning, or related to the Debtor, including without limitation such claims as against Steve Chartrand, Alyn Reeves, Sherry Ramsey, Chris Matlock, Eric Butwinick, Julian Serrano, Steve Luce, and Walter Lescano, including without limitation, any claims related to breach of fiduciary duty, waste, or violation of NRS chapter 82.

4.      All other rights, privileges, claims, actions, or remedies, whether arising at law or in equity.

5.      There may also be other Avoidance Actions and Litigation Claims that currently exist or may subsequently arise that are not set forth herein because the facts underlying such Avoidance Actions or Litigation Claims are not currently known or sufficiently known by the Debtor.  The failure to list any such unknown Avoidance Action or Litigation Claim herein is not intended to limit the rights of Reorganized Debtor to pursue any unknown Avoidance Action or Litigation Claim to the extent the facts underlying such unknown Avoidance Action or Litigation Claim become more fully known in the future.

6.      Unless Avoidance Actions or Litigation Claims against any Person are expressly waived, relinquished, released, compromised, or settled by the Plan or any Final Order, the Debtor expressly reserves for its benefit, and the benefit of Reorganized Debtor, all Avoidance Actions and Litigation Claims, including, without limitation, all unknown Avoidance Actions and Litigation Claims for later adjudication, and therefore no preclusion doctrine (including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches) shall apply to such Avoidance Actions or Litigation Claims after the Effective Date of the Plan.  In addition, the Debtor expressly reserves for its benefit, and the benefit of Reorganized Debtor, the right to pursue or adopt any claims alleged in any lawsuit in which the Debtor are a defendant or an interested party, against any Person, including plaintiffs and co-defendants in such lawsuits.